## DUSSELDORF v. TEETS.
### No. 13327.

United States Court of Appeals
Ninth Circuit.

Jan. 13, 1954.

As Amended on Denial of Further
Rehearing Feb. 3, 1954.

Victor E. Cappa, San Francisco, Cal., for appellant.

Edmund G. Brown, Atty. Gen. State of Cal., Clarence A. Linn, Asst. Atty. Gen., Charles E. McClung, Deputy Atty. Gen., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

Dusseldorf, a prisoner convicted of murder by the California courts and sentenced to death, appeals from a judgment dismissing his application for a

writ of habeas corpus. His application is supplemented by our taking judicial notice of certain facts stated in the transcript of the case on which is based the decision on his appeal to the California Supreme Court from his conviction. This transcript is brought to our attention by Dusseldorf and sought to be so treated.

These facts are of occurrences [1] at the trial in the court's chambers in part after the jury panel was assembled and waiting drawing of names by the clerk and in part after the beginning of the drawing. They are:

"Mr. Dusseldorf: May I have a word with you, your Honor?

"The Court: All right, in the case of Alfred Dusseldorf, there are three priors charged and the defendant stood mute on those priors and the Court directed that a denial of the priors be entered. Now, what is your wish, Mr. Belcher?

"Mr. Belcher: I believe at this time Mr. Dusseldorf wishes to admit those priors at this time. Do you, Mr. Dusseldorf?

"Defendant Dusseldorf: May I have a word first?

"The Court: Yes.

"Defendant Dusseldorf: Well, actually speaking, your Honor, I want to explain to you that I do not believe that my counsellor is prepared. What I mean, to take this case on today, and I would like a continuance in this matter.

"The Court: Well, there will have to be a showing made in the regular way. We have a jury panel in attendance. The other attorneys are here and the District Attorney is prepared to go ahead. Let's confine ourselves to these prior convictions first. Do you wish to change your

plea as to the prior convictions * * *.

"(Thereupon the Judge, the court attaches, Defendant Dusseldorf, counsel and Deputy Sheriff Ayres returned into the Court room)

"10:32 A. M.

"The Court: In the case of the People vs. Leroy Weathers, Doil Miller and Alfred Dusseldorf, we will proceed with the case. Draw twelve names, Mr. Clerk.

"(Thereupon the Clerk started drawing the names of prospective jurors.)

"Mr. Belcher: Your Honor, at this time I believe before the trial goes any further I think a statement should be made to the Court and I think probably the statement should be made in the chambers, though * * *.

"The Court: All right, we will take a recess and step into my chambers with the Clerk and the Reporter and the District Attorney.

"(After the usual statutory admonition to the jury, a recess was taken at 10:35 A. M.) (Judge's chambers)

"Mr. Belcher: My client at this point has informed me that he no longer wishes me to carry on and to represent him in the presentation of this case, the defense of this case. He has stated also that he feels that it should not be tried at this time, by reason of the fact that his wife, who is a possible witness, is in the City of Chicago and will not here. My understanding was that the wife, under no circumstances, would be here. Mr. Dusseldorf's feeling is otherwise.

"The Court: Well, in the first place, there is no motion regularly

---

1. The application also alleged subsequent wrongful acts of Dusseldorf's counsel. These were dehors the record, but did not present a denial by California of a constitutional right since under the California law a private litigant's attorney is not a state officer. Ex parte Galusha, 184 Cal. 697, 195 P. 406; Ex parte Yale, 24 Cal. 241; Cohen v. Wright, 22 Cal. 293.

756

set for the continuance, no affidavits of the wife or of the defendant or anybody else with respect to the matter.

"Mr. Belcher: That is correct, your Honor.

"The Court is prepared to try the case. The District Attorney is prepared to go ahead. There has been no showing such that would warrant a continuance of the case. Now, as to the matter of withdrawal, the defendant has a right to represent himself or not as he sees fit. My advice to him would be that Mr. Belcher is familiar with the case and that he should go ahead. I am going ahead with this case in the absence of more of a showing than has been made at the present time. Now do you wish Mr. Belcher to continue or not.

"Defendant Dusseldorf: Well, I couldn't hardly represent myself, your Honor.

"The Court: You had better have him remain in the case. We are prepared to go ahead.

"Thereupon the trial was resumed at 10:36 A. M."

Dusseldorf's attorney, who freely offered his services in an able brief, contends that the State of California violated the Fourteenth Amendment in the failure of its officer, the California Superior Court judge, to inquire into the circumstances of the relationship of Dusseldorf to his attorney to determine his claim to the right to other counsel and relies upon Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680.

It further appears that on the automatic appeal from the death sentence another attorney was appointed for Dusseldorf, who neither sought relief from the trial court for its conduct with respect to his predecessor nor presented it to the Supreme Court of California, where as seen the record before it showed the above facts.

■ Dusseldorf's petition for the writ of habeas corpus to the Supreme Court of California, which was in the same form as the application to the district court, must be deemed so to have been supplemented by the facts in the transcript before the California Supreme Court on Dusseldorf's appeal there. Hence he has exhausted his local remedy, in this respect satisfying 28 U.S.C. § 2254.

■ Assuming for this case that the facts presented at the trial constitute a violation of the Fourteenth Amendment by the trial judge, the question is, does the failure of the newly appointed attorney for Dusseldorf to press the claimed absence of counsel for his defense either by motion to the district court or in the Supreme Court constitute a waiver of Dusseldorf's constitutional right?

Such failure does constitute such a waiver under the law of California, In re Dixon, 41 Cal.2d ——, 264 P.2d 513. There the convicted man in a habeas corpus proceeding was denied the writ of habeas corpus sought on a charge of unconstitutional conduct by the state officers, where he failed to take an appeal, although an appeal would have presented a substantial question of denial of constitutional right. The California court further drew the distinction between the unappealed claim of such violation and the claim of absence of jurisdiction of the subject matter and considered the question of the validity of the law under which Dixon was indicted.

In so holding that the writ was not permissible in Dusseldorf's case, the California Supreme Court's decision brings the case within Brown v. Allen, 344 U.S. 443, at page 485, 73 S.Ct. 397, at page 421, where the Supreme Court stated:

"The writ of habeas corpus in federal courts is not authorized for state prisoners at the discretion of the federal court. It is only authorized when a state prisoner is in custody in violation of the Constitution of the United States. 28 U.S.C. § 2241, 28 U.S.C.A. § 2241. That

fact is not to be tested by the use of habeas corpus in lieu of an appeal. To allow habeas corpus in such circumstances would subvert the entire system of state criminal justice and destroy state energy in the detection and punishment of crime.

"Of course, federal habeas corpus is allowed where time has expired without appeal when the prisoner is detained without opportunity to appeal because of lack of counsel, incapacity, or some interference by officials. Also, this Court will review state habeas corpus proceedings even though no appeal was taken, if the state treated habeas corpus as permissible. Federal habeas corpus is available following our refusal to review such state habeas corpus proceedings. Failure to appeal is much like a failure to raise a known and existing question of unconstitutional proceeding or action prior to conviction or commitment. Such failure, of course, bars subsequent objection to conviction on those grounds."

In concurring with the above statement of Justice Reed's opinion, Justice Frankfurter adds, 344 U.S. at page 503, 73 S.Ct. at page 444, "However, this does not touch one of those extraordinary cases in which a substantial claim goes to the very foundation of a proceeding, as in Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543. Cf. Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872; Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868."

Ex parte Lange and Ex parte Royall are cases like the California decision in In re Dixon, where the court entertained the contention that the claim was one going to the foundation of the proceeding in that the law under which the accused was indicted was invalid. The case of Moore v. Dempsey is one where mob violence prevented the court from acting judicially at all. No such circumstances going to the foundation of the proceeding exist in this case.

Our opinion heretofore filed herein is withdrawn and the judgment therein set aside.

Since the failure to seek his remedy by appeal is both a failure to exhaust his state remedy and a waiver of his constitutional right, the judgment is affirmed.