Charles MORRIS, Appellant,

v.

Nathan MAYO, Custodian, Florida State
Prison, Appellee.

No. 17924.

United States Court of Appeals
Fifth Circuit.

April 14, 1960.

Charles Morris, in pro. per.

George R. Georgieff, Asst. Atty. Gen.,
Richard W. Ervin, Atty. Gen., of Florida,
for appellee.

Before RIVES, Chief Judge, and
TUTTLE and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

This is a habeas corpus proceeding under 28 U.S.C.A. § 2254 for relief from a state court conviction. The district judge denied the writ. We affirm.

Petitioner, Charles Morris, a white man, was convicted of the rape of a fourteen year old Negro girl. The jury recommended mercy. After a motion for a new trial was denied, he was sentenced to life imprisonment[1] by the Circuit Court of Clay County, Florida, on December 14, 1953. The petitioner took no appeal. The court reporter, therefore, did not transcribe his shorthand record of the testimony. Later, the reporter left the state. His shorthand notes taken at the trial have not been located after a diligent search by the petitioner's attorneys and by the Clerk of Court.

August 18, 1956, Morris petitioned the Eighth Judicial Circuit Court, Union County, Florida, for a writ of habeas corpus. He asserted that the issue before the court was "the validity of the indictment". He contended that the indictment was invalid because it did not bear the endorsement of the foreman of the grand jury that it was a true bill. By amendment to his petition Morris alleged that he was convicted "upon evidence which did not support the conviction". Morris admitted carnal knowledge but denied that he had used force. The Cir-

1. Morris was paroled March 8, 1960.

cuit Court denied the writ. The Supreme Court of Florida affirmed the judgment and denied a rehearing. Morris v. State, Fla., 1956, 91 So.2d 640. The Supreme Court of the United States denied certiorari. Morris v. State of Florida, 1957, 352 U.S. 1009, 77 S.Ct. 576, 1 L.Ed.2d 555.

In May 1959 Morris petitioned the United States District Court for the Southern District of Florida for a writ of habeas corpus based on the allegations that: (1) the indictment was illegal, because it was not endorsed as a true bill by the foreman of the grand jury; (2) he was not furnished a copy of the transcript of the trial testimony upon his request as is required by Florida law; (3) the evidence was insufficient to support the conviction. After an examination of the original indictment and a careful consideration of the issues reached by the petition, but without a hearing, the district judge denied the writ of habeas corpus and the certificate of probable cause necessary for an appeal under 28 U.S.C.A. § 2253.

 The district court found that "his main complaint * * * that he was proceeded against under an illegal indictment" had no basis in fact. The apparent error resulted from the Attorney General of Florida supplying a certified copy of the indictment that failed to include the cover of the indictment. The original indictment clearly bears the endorsement of the Foreman of the Grand Jury. As to the failure of the State of Florida to furnish Morris a copy of the transcript, as required by Florida

law, the district court agreed with the construction placed on the law by the Florida courts: a reasonable construction requires that a copy of the transcript be furnished only for purposes of appeal. We consider it unnecessary to decide this question, since in this proceeding the appellee has accepted the petitioner's version of the testimony. Finally, the district court found: "Petitioner further complains of the insufficiency of the evidence and certain procedural errors at the trial. All these questions might have been raised upon appeal, but cannot be reached by habeas corpus." The court below concluded that the petitioner exhausted his state remedies. This holding is consistent with the district court finding that the petitioner attacked the sufficiency of the evidence.

In the interest of giving full effect to the Great Writ, if necessary erring on the side of the prisoner, this Court, on July 6, 1959, entered an order granting the certificate of probable cause on the ground that if there was no evidence at all to support the conviction, the judgment was reviewable collaterally on a writ of habeas corpus.[2]

 We are of the opinion that, accepting as true the petitioner's version of the evidence, even his highly selective choice of facts shows conflicts on the question of force indicating to us that he complains of the insufficiency of the evidence rather than of the complete lack of evidence of guilt.

There is indeed a hair-line distinction between reviewing a record to determine

2. In Thompson v. City of Louisville, 1960, 80 S.Ct. 624, 629, the Supreme Court, on a writ of certiorari to the Police Court of Louisville, Kentucky, held that "just as 'Conviction upon a charge not made would be sheer denial of due process,' so is it a violation of due process to convict and punish a man without evidence of his guilt." The Court stated that its decision turned "not on the sufficiency of the evidence, but on whether this conviction rests upon any evidence at all." The Court cited Schware v. Board of Bar Examiners, 353

U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796; United States ex rel. Vajtauer v. Commissioner, 273 U.S. 103, 106, 47 S.Ct. 302, 71 L.Ed. 560; Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543; Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220. Cf. Akins v. State of Texas, 325 U.S. 398, 402, 65 S.Ct. 1276, 89 L.Ed. 1692; Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (concurring opinion); Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791.

if there is no evidence to support a conviction and reviewing a record to determine if there is insufficient evidence. It is not necessary, however, for the Court to determine whether the evidence was so insufficient as to amount to a complete lack of evidence to support the conviction. Section 2254 of Title 28 U.S. C.A. requires that an applicant for a writ of habeas corpus exhaust his state remedies. Morris has presented to the courts the question of the sufficiency of the evidence; he has not presented to any state court the question of no evidence. His original petition to the Eighth Judicial Circuit Court, Union County, Florida, makes no mention of insufficiency or lack of evidence. The issue presented to that court was the validity of the indictment. The loosely worded amendment to the petition might be said to refer to insufficiency of the evidence, but there is no allegation, assertion, or claim that the charges were so totally devoid of evidentiary support as to render his conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment. A copy of Morris' appeal to the Supreme Court of Florida is not in the record. The per curiam opinion affirming the judgment of the Florida Circuit court states simply that the questions raised were without substantial merit. Morris v. State, Fla. 1956, 91 So. 2d 640. Since the question of no evidence was not presented to the Florida Eighth Judicial Circuit Court, it was not considered by the appeal to the Florida Supreme Court.

Morris' petition to the United States Supreme Court for a writ of certiorari was concerned primarily with the failure of the Florida authorities to furnish him a record of the testimony at the trial. There is nothing in the petition concerning a complete lack of evidence or even an insufficiency of evidence. Failure of Morris to exhaust his remedies in state courts is fatal to the application for habeas corpus now before us. "It has long been settled that the federal courts will not consider on habeas corpus claims which have not been raised in the state tribunal. * * *" Darr v. Burford, 1949, 339 U.S. 200, 70 S.Ct. 587, 589, 94 L.Ed. 761; United States ex rel. Sproch v. Ragen, 7 Cir., 1957, 246 F.2d 264.

Judgment is affirmed.