**Glenn ROSE, Appellant,**

v.

**Fred R. DICKSON, Appellee.**

**No. 18670.**

United States Court of Appeals
Ninth Circuit.

Jan. 27, 1964.

Lin B. Densmore, San Francisco, Cal., for appellant.

Stanley Mosk, Atty. Gen. of the State of California, Albert W. Harris, Jr., Deputy Atty. Gen., and Robert R. Granucci, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before MERRILL and BROWNING, Circuit Judges, and MURRAY, District Judge.

BROWNING, Circuit Judge.

Appellant pleaded guilty in the Superior Court of Alameda County, California, to charges of kidnaping and aggravated assault, and was sentenced to imprisonment. In due course he filed a petition for habeas corpus in the court below, alleging violations of his Fourteenth Amendment rights. The petition was denied. Only two of the many

28

grounds for relief pressed upon the District Court have been urged on this appeal.

First. Appellant asserts that he did not have effective assistance of counsel. This contention is based upon the affidavit of the attorney who represented appellant prior to and at the time of his plea. Counsel's affidavit states: "Petitioner * * * was not inclined to plead guilty because he believed he had a good defense"; "at no time did I discuss with petitioner any possible defenses he might have concerning the crimes with which he was charged"; and "in my opinion petitioner entered a plea of guilty not because he recognized his guilt of the charges confronting him but because he believed he was assured of probation * * *."

Second. Appellant asserts that his plea was not made with an understanding of the nature of the charge and the consequences of his plea. This contention is based upon a transcript of appellant's arraignment, and further statements in the affidavit of appellant's then counsel. The transcript discloses that no inquiry was made at the arraignment to determine whether appellant's plea was understandingly made, and that nothing was said to appellant in explanation of the charges against him or the sentence to which he would be exposed by a plea of guilty. Pertinent statements in counsel's affidavit include the following: "at no time did I discuss with petitioner the possible result of a guilty plea in terms other than probation"; "I did not advise petitioner that kidnapping is punishable by imprisonment in a state prison for a maximum of 25 years, nor did I advise petitioner that assault with a deadly weapon is punishable by imprisonment in a state prison for a maximum term of 10 years"; and "to my knowledge, petitioner had no realization that a change of plea from not guilty to guilty could result in imprisonment, and I am certain that petitioner had no cognizance of the seriousness, in terms of punishment, of the crimes to which he was pleading guilty."

The District Court ordered the petition dismissed as wanting in merit. We affirm, but solely on the ground that it does not appear that appellant "has exhausted the remedies available in the courts of the State." 28 U.S.C.A. § 2254.

Our review of appellant's compliance with this requirement of Section 2254 is not restricted by the District Court's conclusion that it has been satisfied, for the question is one of law not of fact. Nor are we precluded by failure of the parties to raise the issue on appeal. The policy considerations underlying the statutory command are of such importance as to require an independent determination that has been fairly met. United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 710 (2d Cir. 1960).

The requirement rests, of course, in part upon regard for the sovereignty of the state. Conflict between state and federal authorities with regard to the administration of justice by the state is "a very delicate matter," to be avoided whenever possible. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950) (Justice Frankfurter, in dissent, quoting Justice Holmes). The requirement rests also upon considerations of practical efficiency. The issues presented often concern local attorneys and court personnel, and arise in a context of local procedures and practices, with which state courts are familiar. They may be resolved most effectively by those tribunals. The requirement serves the interests of the federal courts. "Indeed, any other rule would visit upon the federal courts an impossible burden, forcing them to supervise the countless state criminal proceedings in which deprivations of federal constitutional rights are alleged." Wade v. Mayo, 334 U.S. 672, 679–680, 68 S.Ct. 1270, 1274, 92 L.Ed. 1647 (1948). The requirement also rests upon a regard for the rights of the prisoner. Courts of the state may deal with the substance of claims of unfairness in state proceedings free of the jurisdictional restrictions which bind federal courts, and grounds for relief may be found to exist far short

of a determination that federal constitutional rights have been violated. Thus, state court proceedings may afford a more generous protection of the accused, and at the same time render unnecessary the decision of difficult issues of federal constitutional law.

In the present case, appellant's allegations suggest such issues as the nature and extent of state involvement necessary to render ineffective assistance of counsel a violation of the Fourteenth Amendment [compare Turner v. Maryland, 318 F.2d 852 (4th Cir. 1963), Jones v. Cunningham, 313 F.2d 347 (4th Cir. 1963), and cases cited in Brubaker v. Dickson, 310 F.2d 30, 32 n. 3 and 4 (9th Cir. 1962), with, e. g., Dusseldorf v. Teets, 209 F.2d 754, 755 n. 1 (9th Cir. 1954), and Berg v. Cranor, 209 F.2d 567, 568 (9th Cir. 1954)], and whether an obligation comparable to that imposed upon federal courts by Rule 11 of the Federal Rules of Criminal Procedure is imposed upon state courts by the Fourteenth Amendment on the ground that "real notice of the true nature of the charge * * * [is] the first and most universally recognized requirement of due process." Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). Such issues would be avoided if the state courts determined that appellant should be relieved of his plea upon state grounds, or if the state courts reliably found the facts essential to appellant's constitutional claim to be contrary to appellant's allegations. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).

For these reasons, although appellant need not have presented his contentions to the state courts in *haec verba*, Section 2254 requires that it appear that those courts had a fair opportunity to consider the constitutional issues which appellant asks the federal District Court to resolve. Cf. Kirby v. Warden, 296 F.2d 151, 152 (4th Cir. 1961); Morris v. Mayo, 277 F.2d 103, 105 (5th Cir. 1960).

The record discloses the issues raised by appellant in two proceedings in the state courts: (1) an appeal from the judgment entered on his guilty plea to the District Court of Appeal for California's First District, and (2) a petition for habeas corpus to the Supreme Court of California.

In its opinion the District Court of Appeal stated: "Appellant's contention is based wholly on the claim that he pleaded guilty only on the assurance of his attorney that he 'would positively be given probation.'" The court noted that this contention was not properly before the court since it rested on matters outside the record, but volunteered the view that it was in any event without merit since "assurances of a defendant's own attorney are not sufficient to vitiate a plea of guilty" unless "there is an apparent corroboration of them by the acts or statements of a responsible state officer," and that even if allegations in appellant's briefs were treated as proof in the record "they fail to show the essential element of such corroboration." People v. Rose, 171 Cal.App.2d 171, 172, 339 P.2d 954, 955 (1959).

Appellant's petition for habeas corpus in the Supreme Court of California did not allege that appellant lacked notice of the nature of the charge and the consequences of his plea. The only material relating to the conduct of appellant's counsel was the following: "Was...... ......a competent attorney? * * * Did..........conspire with the district attorney? * * * Did..........know who signed the complaint, when it was signed, and what the charge was? * * * Did..........know how bail was made or whom can fix bail?"

The claim that appellant's plea of guilty was induced by a promise of leniency, upon which the review in the District Court of Appeal was "wholly" based, is not the substantial equivalent of appellant's present contention that he entered his plea of guilty without the effective aid of counsel because of the latter's conceded failure to investigate possible defenses to the charge (Turner v. Maryland, 303 F.2d 507, 510 (4th Cir. 1962)), or of his contention that his guilty plea was tendered without an under-

**30**

standing of the nature of the charge or the consequences of the plea.

To the extent that the factual materials from which the present contentions emerge may have been suggested in the briefs filed by appellant and his counsel with the District Court of Appeal, it is clear that neither the parties nor the court were then aware of the constitutional issues now said to be implicit in these facts. The District Court of Appeal was explicit and precise in defining the single issue before it, and cannot in fairness be said to have been presented the quite different issues now urged upon the federal courts.

The allegations to be implied from the rhetorical questions in appellant's petition to the Supreme Court of California for a writ of habeas corpus were either too conclusory to tender any issue at all (cf. Rivera v. United States, 318 F.2d 606, 608 (9th Cir. 1963)), or suggest issues far from the present mark.

Affirmed.