**Jack R. DELANEY, Petitioner,**

v.

**Clarence T. GLADDEN, Warden, Oregon State Penitentiary, Defendant.**

**Civ. No. 64–434.**

United States District Court
D. Oregon.

Jan. 21, 1965.

Jack E. Delaney, in pro. per.

Robert Y. Thornton, Atty. Gen. for the State of Oregon, Salem, Or., and C. L. Marsters, Asst. Atty. Gen., for defendant.

EAST, District Judge.

In these 28 U.S.C. § 2241 pro. per. in forma pauperis habeas proceedings, the petitioner (Delaney) seeks release from the custody of the defendant (Warden) had pursuant to a judgment of conviction of assault with the intent to commit rape and a sentence to imprisonment for 15 years, entered on July 9, 1958, in the Circuit Court of the State of Oregon for Clackamas County. That judgment was affirmed on appeal by the Supreme Court

of Oregon in State v. Delaney, 221 Or. 648, 351 P.2d 85 (1960).

On August 29, 1961, Delaney instituted proceedings under Ore.Rev.Stat. §§ 138.-510–138.680 (1963) (Oregon Post-Conviction Hearing Act) in the Circuit Court of the State of Oregon for Marion County. That court dismissed the post-conviction petition without relief, and the Supreme Court affirmed in Delaney v. Gladden, 232 Or. 306, 374 P.2d 746 (1962), holding that Delaney, under the provisions of the Post-Conviction Hearing Act, had waived all grounds for relief available but not asserted in the direct appeal from his conviction. The ground asserted in the post conviction proceeding was the unconstitutionality of Ore.Rev.Stat. § 163.270 (1963) under which Delaney was convicted of assault with intent to rape. The Supreme Court of the United States denied certiorari, 372 U.S. 945, 83 S.Ct. 940, 9 L.Ed.2d 970 (1963). Later petitions for writs of habeas corpus were dismissed by state courts in Clackamas and Marion Counties.

On April 30, 1963, petitioner filed his first petition for habeas corpus in this Court (No. 63–183), having clearly exhausted state avenues for vindicating his federal claims as required by 28 U.S.C. § 2254. He reasserted his claim relating to unconstitutionality of the state statute under which he was convicted and, further, made claims of prejudicial errors at trial. This Court dismissed the petition without relief after reaching the federal claims on the merits and finding those claims untenable. This Court, and the United States Court of Appeals for the Ninth Circuit, then denied a certificate of probable cause for an appeal.

Rules of this Court provide that pro. per. petitions for writs of habeas corpus by state prisoners should be prepared upon forms supplied by the Clerk. Delaney has complied with this rule and has instituted these new habeas proceedings by the filing of his in forma pauperis petition in which he raises one federal claim not recognized and dealt with by this Court in cause No. 63–183. More

specifically, he contends his conviction violated his federal constitutional rights in that (Question 11 of the prescribed form):

"11. State concisely and in the same order the facts which support each of the grounds set out in (10):

"* * *

"(c)1. That the officers who seized the petitioner failed to inform petitioner of his rights and that local police, into who's custody he was placed, refused permission to allow the petitioner to call an attorney, and that statements proportedly made by petitioner were used during the trial on merits, and, * * * that said statements which were proported to have been made by petitioner were proportedly made, prior to the time that petitioner had counsel or was permitted to confer with an attorney and prior to the time he was informed of his right to counsel or any other rights."

This federal claim apparently employs grounds for relief expressly or impliedly recognized by the United States Supreme Court in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

Questions 12 and 13 of the prescribed form of petition are for the purposes of ascertaining whether the petitioner has exhausted state remedies in vindicating federal claims of unlawful conviction and sentence. In an amendment to his petition filed September 16, 1964, Delaney deals with questions 12 and 13 as follows:

"12. Prior to this petition have you filed with respect to this conviction

"(a) any petition in a State court under the Oregon Post-Conviction Hearing Act. ORS 138.510 to 138.680?

         yes           "

"13. If you answered 'yes' to any part of (12), list with respect to each petition, motion or application

"(a) the specific nature thereof:

"i. post conviction
"ii. appeal of post conviction
"iii. certiorari
"iv. 3 applications to State Courts for habeas corpus

"(b) the name and location of the court in which each was filed:

"i. Marion County Circuit Court Salem, Oregon
"ii. Supreme Court of Oregon Salem, Oregon
"iii. U. S. Supreme Court, Washington, D. C.
"iv. Marion County Circuit Court Salem, Oregon
    Clackamas County Circuit Court Oregon City, Oregon

"(c) the disposition thereof:

"i. Denied and dismissed with prejudice, without hearing
"ii. judgment affirmed
"iii. denied
"iv. denied and dismissed without hearing"

---

By order entered on November 16, 1964, this Court required the Warden to show cause in these proceedings by:

"Furnishing and supplying this Court, within 30 days from the date hereof, with a transcript of the pleadings in the mentioned Marion County Circuit Court Case No. 50862, which form the ultimate issues raised, the findings, conclusions and order of the court determinative thereof, and the reporter's trans-

cript of testimony and evidence adduced at any hearing thereon; * *."

On November 30, 1964, Delaney forwarded for filing herein Exhibits A through G, both inclusive, which were copies of instruments dealing with Delaney's appeal to the Supreme Court of Oregon from his conviction, his petition for writ of certiorari, and his brief on appeal to the Supreme Court of Oregon from the order denying him relief in his state post-conviction proceedings. Of more importance, Delaney

"* * * moved that the court direct the Clerk of the United States District Court to bring before the court forthwith the defendants' answer in case No. 63–183 which contains a transcript of record of the hearing in the Marion County Circuit Court for the State of Oregon of the defendants motion to quash in Case No. 50862, Delaney v. Gladden."

The Warden, in response to the order to show cause, filed his answer and return on December 7, 1964. The answer shows the judgment of conviction and sentence of the Clackamas County Court under which the Warden holds custody of Delaney. Of more importance to our present inquiry, the Warden in his answer recalls the aforesaid state post-conviction proceedings (Cause No. 50862) and states that, as part of his answer in this Court's cause No. 63–183, he supplied a copy of the reporter's transcript of post-conviction hearing and asks this Court to accept that transcript as presently filed in this cause in response to the order to show cause.

The record now clearly indicates Delaney has filed and prosecuted only one state post-conviction proceeding to vindicate his federal claims of unlawful conviction and sentence, and that at no time has he presented to a state court for consideration his above-delineated federal claim relating to denial of counsel.

As stated in Gidley v. Gladden, 477 F.Supp. 237, decided by this Court on this date:

"The Oregon Post-Conviction Hearing Act provides a convicted defendant with a facile and adequate state remedy with which to attack collaterally his judgment of conviction and sentence on federal constitutional grounds. The United States District Court for the District of Oregon is entitled to an exhaustion of that remedy by the state prisoner before the prisoner seeks federal habeas relief."

This Court is cognizant of Ore.Rev. Stat. § 138.550 (1963), generally referred to as the res judicata section of the Oregon Post-Conviction Hearing Act. That section provides, in part, as follows:

"*Availability of relief as affected by prior judicial proceedings.* The effect of prior judicial proceedings concerning the conviction of petitioner which is challenged in his petition shall be as specified in this section and not otherwise:

*   *   *   *   *   *

"(2) When the petitioner sought and obtained direct appellate review of his conviction and sentence, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. If petitioner was not represented by counsel in the direct appellate review proceeding, due to his lack of funds to retain such counsel and the failure of the court to appoint counsel for that proceeding, any ground for relief under ORS 138.510 to 138.680 which was not specifically decided by the appellate court may be asserted in the first petition for relief under ORS 138.510 to 138.680, unless otherwise provided in this section.

"(3) All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in his original or amended petition, and any grounds not so

asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. However, any prior petition or amended petition which was withdrawn prior to the entry of judgment by leave of the court, as provided in ORS 138.610, shall have no effect on petitioner's right to bring a subsequent petition."

The plain wording of Ore.Rev.Stat. § 138.550(2) (3) (1963) indicates Delaney can secure a new post-conviction hearing if his failure to assert his federal claim relating to denial of counsel was reasonable both in direct appeal from the conviction and in the first post-conviction proceeding. The state court should be given the opportunity to make that determination.

Delaney's first state post-conviction proceeding antedated the opinion of the United States Supreme Court in Escobedo v. Illinois, supra, and I doubt that Ore. Rev.Stat. § 138.550 (2)(3) (1963) would be held to bar an Oregon prisoner's effort to vindicate a federal claim newly recognized since the initial state proceeding, treating Escobedo as necessarily retroactive in effect.

Thus, it appears that:

"The [Oregon] State court procedures offer ample opportunity for [Delaney] to air his grievances. 'Ineffectiveness' of State relief cannot be established if no attempt is made to obtain that relief. It is apparent that [Delaney] must first [prosecute his cause] throughout the State court [system] before requesting relief from the federal courts. Rayborn v. Jones, 284 F.2d 678 (6th Cir.1960). See also Fay v. Noia, 372 U.S. 391, 427–38, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963); Rose v. Dickson, 327 F.2d 27 (9th Cir. 1964)." Morehead v. California, 9th Cir., 339 F.2d 170.

Again borrowing from Gidley, supra: "The judgment of conviction is a state judgment and the available and adequate state judicial processes should be given first and full opportunity either to rectify an unlawful conviction or uphold a lawful conviction after fair hearing. The state prisoner then has the right to seek federal habeas relief in the course of which the United States District Court for the District of Oregon will examine the state record and rulings under the dictates and tests laid down in Townsend v. Sain [372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770], supra."

Accordingly, Delaney is referred to the state courts to present his newly-alleged federal claims of unlawful conviction and sentence in the usual Oregon Post-Conviction Hearing Act proceedings. This cause will be stayed for that purpose and until further order.[1]

If Delaney fails to make application within 120 days from the date hereof for post-conviction relief to the appropriate state court to hear his new federal claims, or should an appropriate state court accept Delaney's application to be heard upon his federal claims in a reopened or a second post-conviction proceeding upon timely application, then, in either of those events, this cause should be dismissed.

If Delaney makes timely application and the state court will not reopen cause No. 50862 for the purpose of hearing Delaney's new federal claims, nor will any appropriate state court entertain a new application by Delaney to be heard on his new federal claims, and Delaney is thus refused hearing in a state court upon his new federal claims, then Delaney may apply to this Court for an evidentiary hearing upon his Escobedo federal claim.

The Clerk of this Court shall furnish Delaney and the Warden, through C. L. Marsters, Assistant Attorney General of

1. Blair v. People of State of California, 340 F.2d 741 (9 Cir. 1965).

the State of Oregon, with conformed copies of this narrative order at their respective Salem, Oregon addresses via regular United States mail.

It is so ordered.