**John H. BARNETT, Petitioner,**

v.

**C. T. GLADDEN, Warden of Oregon State Penitentiary, Respondent.**

Civ. No. 65–156.

United States District Court
D. Oregon.

April 28, 1965.

unlawfully detained by the warden of the Oregon State Penitentiary for the following reasons:

(1) That he has twice been placed in jeopardy for the same offense;

(2) That the indictment under which he was tried in the Oregon courts did not meet the requirements of Oregon law,[1] in that it did not specify the particulars of the crime charged;

(3) That he was not represented by counsel at the time of his preliminary hearing.

Points (1) and (2) were presented to the Oregon Supreme Court in petitioner's post-conviction proceeding. Barnett v. Gladden, 237 Or. 76, 390 P.2d 614 (1964), cert. denied, 379 U.S. 947, 85 S.Ct. 445, 13 L.Ed.2d 545 (1964).

■ (1) That the double jeopardy provision of the Fifth Amendment is not obligatory on the states seems to be recognized in Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937); and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). That the decision in Palko is exceptionally narrow in application, is recognized by Justice Cardozo and made implicit by his use of the language: "What the answer would have to be if the state were permitted after a trial free from error to try the accused over again or to bring another case against him, we have no occasion to consider. We deal with the statute before us and no other." 302 U.S. at 328, 58 S.Ct. at 153. What is said in Wainwright on the particular subject, is of no help, being in the nature of dictum. Be that as it may, I am constrained to hold that this court is bound by what is said in those decisions, even though I might personally arrive at a different conclusion. The conclusions reached in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and other recent cases, treating of the impact of the Fourteenth Amendment on the provisions of the Bill of Rights, including the Fifth Amend-

L. A. Aschenbrenner, Public Defender of Oregon, Salem, Or., for petitioner.

Robert Y. Thornton, Atty. Gen. of Oregon, Salem, Or., for respondent.

KILKENNY, District Judge.

Petitioner, in his petition for a writ of habeas corpus, urges that he is being

1. ORS 132.530.

ment, seems to gravitate in the opposite direction.

■ (2) The state court's construction of its own Constitution [2] will not be disturbed by the federal courts, Reed v. Rhay, 323 F.2d 498, 499–500 (9th Cir. 1963). Likewise, the state court's construction of its own statutes and the sufficiency of indictments drawn thereunder are not subject to federal inquiry, unless due process is involved. Winters v. People of State of New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948); Reed v. Rhay, supra. The charging part of the indictment is set forth in the opinion of the Oregon Supreme Court. A casual analysis of the language of the indictment, and of the statute in question, leads to the positive conclusion that due process is not here involved and that there is no merit to this claim of petitioner.

■ (3) The claim to the right to representation by counsel at the time of his preliminary hearing, was not presented to the Oregon Supreme Court. While the language with reference to petitioner's claim to a constitutional infringement is, at best, in the nature of a conclusion, the fact remains that there may be merit in the contention. The Oregon Court might look with favor on an opportunity to probe the merits of petitioner's position in the light of its recent decision in State v. Neely, 80 Adv.Sh. 69, 72, 398 P.2d 482 (Or. 1965), and the decision of the United States Supreme Court in the case of Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, decided April 5, 1965. It is settled that the state courts should have an opportunity to make such an inquiry. Delaney v. Gladden, 237 F.Supp. 1010 (D.Or.1965); Blair v. People of State of California, 340 F.2d 741 (9th Cir. 1965); and United States ex rel. Walker v. Fogliani, 343 F.2d 43 (9th Cir. 1965).

Therefore, it is ordered that this proceeding be stayed to afford the petitioner a reasonable opportunity, not to exceed sixty days, in which to apply to the Oregon courts for a determination of whether, under the circumstances of this case, petitioner was entitled to an attorney at the time of his preliminary hearing, and thus deprived of his constitutional rights. Furthermore, the petitioner should determine if the Oregon Supreme Court would care to re-examine its position on the double jeopardy provision of the Fifth Amendment. If petitioner fails to file an application or applications to the state courts within said period, this petition will be dismissed. If, following application by petitioner, the Oregon courts determine that he has, at present, no available remedy or that he has such a remedy, but has not been deprived of his Constitutional rights, petitioner may, by proper and supplemental application, bring these facts to the attention of this court for such further proceedings as may be indicated.

It is further ordered that a copy of this order be served on the Public Defender of the State of Oregon, Mr. L. A. Aschenbrenner.