Wallace Leroy SCHIERS, Appellant,

v.

The PEOPLE OF the STATE OF CALI-FORNIA et al., Appellees.

No. 18643.

United States Court of Appeals
Ninth Circuit.

June 4, 1964.

**174**

Wallace Leroy Schiers, in pro. per.

Stanley Mosk, Atty. Gen. of California, William E. James, Asst. Atty. Gen., and Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for appellees.

Before BARNES, MERRILL and DUNIWAY, Circuit Judges.

MERRILL, Circuit Judge:

Appellant, convicted of second-degree murder in the courts of the State of California, seeks release on habeas corpus and has appealed from judgment of the district court denying his petition for the writ.

He unsuccessfully appealed a judgment of conviction. People v. Schiers (1958) 160 Cal.App.2d 364, 324 P.2d 981, hearing denied 160 Cal.App.2d 378, 329 P.2d 1. It does not appear, however, that he has sought habeas corpus in the state courts, a remedy available to him under California Penal Code, § 1473 et seq.

Title 28 U.S.C. § 2254, provides that a state prisoner's application for habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State * * *." This requires that "constitutional issues arising out of state criminal prosecutions should be presented first to state courts." Macomber v. Gladden (9 Cir. 1962) 304 F.2d 487, 490. These issues, however, need only be presented once. Brown v. Allen (1953) 344 U.S. 443, 73 S.Ct. 397, 97 L. Ed. 469.

The question before us is whether any of the contentions made in the present petition are the substantial equivalent of contentions presented by petitioner to the state courts upon his appeal from conviction.[1] If so, they should here be considered on the merits. Daugharty v. Gladden (9 Cir. 1958) 257 F.2d 750. If not, petitioner's state remedies have not been exhausted. Rose v. Dickson (9 Cir. 1964) 327 F.2d 27.

We proceed to consider the contentions presented by petitioner in his petition to the district court.

---

1. Petitioner presented contentions to the state courts also in a motion to the court of appeal to recall his remittitur. However, we do not have in the record on this petition any showing as to what these contentions were.

### 1. *Alleged detention.*

■ Petitioner alleges that following his arrest, and for seven days before his arraignment, he was subjected to a detention which not only violated state law, but which, at least considered in connection with its consequences, was a deprivation of liberty without due process. He alleges that during this period he was subjected to many accusatory interrogation sessions, during which officers showed him gruesome photos of his wife's nude dead body, and suggested that he had raped her after he killed her. He also alleges that as a result of these sessions and of the officers' accusations he was coerced into taking a lie-detector test, evidence of which was injected into the trial by the testimony of a police officer. He alleges that the detention denied to him freedom of movement to prepare his defense.

Petitioner has never urged these facts or contentions arising from them in any state proceeding. Clearly, then, the issue of this detention and whatever significance it may have has not been exhausted in the state courts.

### 2. *Introduction of testimony with reference to lie-detector test.*

Petitioner alleges that he was denied a fair trial and thus deprived of liberty without due process, by virtue of the fact that on trial one prosecution witness, in a somewhat unresponsive answer on direct examination, had volunteered the information that petitioner had submitted to a lie-detector test which had disclosed that he was lying. Following a conference with counsel in chambers, the judge had instructed the jury that this testimony was stricken and that they were to "pass it all out of your mind."

Petitioner contends that the effect of this testimony was so prejudical that the court's later admonitory instruction could not vitiate the unfairness which it had injected into the trial.

This contention was presented to the state courts. The district court of appeal remarked that the testimony was clearly inadmissible and that even in the absence of objection the trial court should have halted the witness at his first mention of a lie detector. It held, however, that the error was not prejudicial since "the instruction was sufficient to dissipate the harm that had been done." 160 Cal.App. 2d at 373, 324 P.2d at 986. On petition to the state supreme court for hearing, Justice Carter vigorously dissented from the court's denial of hearing on the ground that the instruction was insufficient to block out the error, and that the incident amounted to a denial of due process. 160 Cal.App.2d at 379.

■ Notwithstanding this presentation to the state courts, we are of the view that we should not review the issue so presented. It is now wholly transformed by other factual assertions of the petitioner into quite a different problem.

Before the state courts it was assumed that petitioner had voluntarily submitted to the lie-detector test and that the volunteered testimony with reference to it was not such as should have been anticipated by the prosecutor.

Petitioner now asserts that his submission to the test was due to psychological coercion; that his reluctance to submit was overridden by police officers by "vile" "ugly" "threatening" and "brutal" accusations. Petitioner also asserts that the testimony respecting the test was wilfully introduced into the trial by both prosecutor and witness, with knowledge of its inadmissibility; that the prosecutor had knowledge that the testimony would be forthcoming since it had been given at a preliminary hearing; that its injection into the trial had been by prearrangement between counsel and witness.

These facts, if proved, present the constitutional issues of fair trial and due process in a wholly different light from that in which they were presented to the state courts.

In our judgment the state courts should first be given the opportunity to pass upon these issues in their present form. Accordingly we hold, as to this conten-

tion, that state remedies have not been exhausted.

### 3. *Ineffective assistance of counsel.*

On appeal, petitioner contended that he had been denied effective assistance of counsel. This contention, however, had been based solely on the facts appearing in the record. These show that his counsel was suffering during trial from some ill effects from an accident occurring a few days prior to trial. Chief emphasis had been placed on counsel's conceded "blackout" at the crucial moment when lie-detector evidence was introduced. The district court of appeal ruled that no sufficient showing had been made in view of counsel's able and vigorous defense on the whole, including extensive and searching cross-examination of prosecution witnesses.

Petitioner now asserts, as support for his contention, facts outside the record and never urged to the state courts. He asserts that counsel did not go to the initial arraignment proceedings and did not inform him of his legal rights during his police detention; that counsel, before the trial court, never raised an objection based on petitioner's illegal detention; that (as discovered by petitioner after trial and appeal) counsel did not secure the introduction into evidence of certain color slides allegedly crucial to petitioner's defense, although counsel had falsely represented to petitioner that they had been introduced; that counsel was not even aware that they had not been received into evidence and indeed had argued to the jury that it should examine them with care.

Petitioner's present contention thus rests upon a cumulation of many asserted delinquencies not heretofore presented to the state courts. Accordingly we hold, as to this contention, that state remedies have not been exhausted.

### 4. *Prosecutor's introduction of false testimony and suppression of evidence.*

This contention rests largely on the alleged suppression of certain color slides which, it is asserted, would have demon-strated as false testimony given by prosecution witnesses as to the pattern of blood residue found on petitioner's body. It does not appear that these contentions have ever been presented to the state courts. As to them, state remedies have not been exhausted.

### 5. *"Secret" trial proceedings.*

Petitioner specifies certain proceedings —in chambers, at benchside and on motion for stay of execution—when he was not personally present. He contends that he had a constitutional right to be present at all stages of the proceedings and to a public trial, which rights were violated in these instances. This contention has never been presented to the state courts and as to it state remedies have not been exhausted.

### 6. *Jury consideration of excluded evidence.*

Petitioner asserts that although the trial court ruled one photograph inadmissible because of its gruesome and shocking nature, this was nevertheless handed to the jury as an exhibit and considered by them. Petitioner contends that his conviction thus was based partly upon evidence not properly in the record and that for this reason he was denied a fair trial. This contention has never been presented to the state courts. As to it, state remedies have not been exhausted.

### 7. *Prejudicial instruction on failure to reply to accusations.*

Petitioner objects to the trial court's instruction that the failure to reply to an accusatory statement may be considered as indicating an admission that the accusation was proved, and as a circumstance tending to prove a consciousness of guilt. This asserted error was presented on appeal. The district court of appeal held that although this instruction was error, it did not result in a miscarriage of justice. 160 Cal.App.2d at 378, 324 P.2d at 990.

To the extent that this objection may be said to disclose a contention that constitutional rights were violated, we

rule that the error in instructions, standing alone, does not constitute a deprivation of due process. See Kenion v. Gill, (D.C.Cir.1946) 81 U.S.App.D.C. 96, 155 F.2d 176, 178.

Petitioner here contends that the cumulative effect of this error, considered together with others, is a denial of due process. This contention has never been presented to the state courts. As to it, state remedies have not been exhausted.

### 8. *Failure to appoint counsel on appeal.*

Petitioner had his own trial counsel who filed notice of appeal and then withdrew, after notifying petitioner of his intention to do so. Petitioner at that time notified his trial counsel that he would represent himself on appeal. This he did. He now alleges that he was unable to represent himself adequately and that this should have been apparent to the district court of appeal.

In Douglas v. California (1963) 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, it was held a denial of equal protection to fail to grant outright a request of an indigent criminal defendant for appointment of counsel to handle his appeal. In the case before us petitioner did not request counsel. He alleges, however, that he had no knowledge of his right to request counsel on appeal.

These facts present an issue which the record does not show to have been presented to the state courts. Furthermore, Douglas v. California was handed down after the district court of appeal had acted on petitioner's appeal, and the California courts have never had an opportunity to appraise petitioner's rights in the light of that opinion.

█ We note that California affords a procedure by which petitioner may still

raise this contention. He may move the district court of appeal to recall its remittitur issued on final determination of his 1958 appeal, and if that court concludes that in the light of the Douglas decision petitioner should have been offered assigned counsel on appeal, it may grant the motion, appoint counsel and re-entertain the appeal. See California Rules on Appeal, Rule 25(d); People v. Miller (Cal.App.1963), 32 Cal.Rptr. 396.

█ Accordingly we rule that as to this contention, available state remedies have not been exhausted.

### 9. *Denial of petitioner's request for leave to argue orally in proper person on appeal.*

On his appeal to the California district court of appeal, taken in proper person, petitioner requested leave to argue orally in addition to filing his briefs. This was denied. Later, he alleges, he learned that the court had permitted state counsel to argue orally and to present additional authorities. Petitioner then sought and was granted time within which to file a written answer to the state's oral argument and to the new authorities presented by the state.

Petitioner here contends that refusal to grant leave to argue orally amounted to a denial of due process and equal protection.[2]

It may well be argued that this issue was exhausted by petitioner's request for and the court's action in denying leave to argue orally. Daugharty v. Gladden, supra.

█ It would appear, however, that petitioner's right to present oral argument (of whatever dimensions that right may be) depended to some extent upon whether his choice to proceed in proper person was voluntarily and intelligently

---

2. See Elchuk v. United States (1962) 370 U.S. 722, 82 S.Ct. 1574, 8 L.Ed.2d 802, where on the suggestion of the Solicitor General, the matter was remanded "for further proceedings in which the petitioner is to be accorded the opportunity to present oral argument on the merits of his appeal, either personally or through counsel, to the same extent as such opportunity is accorded to the United States Attorney." That case involved a federal conviction. We express no opinion as to whether, and if so, under what circumstances, a state prisoner may have a constitutional right to present oral argument on his appeal in a state court.

made (see Price v. Johnston (1949) 334 U.S. 266, 284–285, 68 S.Ct. 1049, 92 L. Ed. 1356), and therefore is closely related to other matters upon which state remedies have not been exhausted. The fact that the issues here presented have never been specifically presented to the state courts but at best were simply disclosed for sua sponte determination reinforces our view that California should have the opportunity to deal with the combined problem.

Accordingly we rule that state remedies have not been exhausted as to the contentions here presented.

### 10. Denial of opportunity to correct or augment record on appeal.

Before the district court of appeal, while his appeal was pending, petitioner sought correction and augmentation of the trial transcript in order to include a record of certain of the "secret" proceedings mentioned under our discussion of petitioner's fifth contention. His motion was denied and he here asserts that this amounted to a denial of due process.

The district court of appeal did not err, since petitioner had not followed the prescribed procedure for augmentation of the record on appeal—timely filing with the trial judge of objections to proposed corrections of the transcript. California Rules on Appeal, Rule 35(c). If a violation of constitutional rights has occurred it would not appear to be through action of the district court of appeal, but rather through failure of the trial court to properly record the proceedings before it. Such a contention has not been presented to the California courts, and as to it state remedies have not been exhausted.

### 11. Undue delay in notifying petitioner of affirmance of his conviction.

Petitioner asserts that due either to oversight by the clerk of the district court of appeal or to suppression of his mail by prison authorities, he did not learn of the court's affirmance of his conviction in time to petition for rehearing. He was thus deprived, he says, of an op-

portunity to point out numerous factual errors appearing in the opinion and was thus prejudiced in seeking hearing from the state supreme court.

It does not appear from the record that this contention has been presented to the state courts. As to it state remedies have not been exhausted.

Judgment affirmed.