**Homer K. MOREHEAD, Appellant,**

v.

**STATE OF CALIFORNIA, Respondent.**

**No. 19464.**

United States Court of Appeals
Ninth Circuit.

Nov. 27, 1964.

Rehearing Denied Dec. 28, 1964.

Homer K. Morehead, in pro. per.

Thomas C. Lynch, Atty. Gen. of Cal., William E. James, Asst. Atty. Gen. of Cal., William L. Zessar, Deputy Atty. Gen. of Cal., Los Angeles, Cal., for respondent.

Before BARNES and ELY, Circuit Judges, and PENCE, District Judge.

BARNES, Circuit Judge:

Appellant's petition for a writ of habeas corpus was denied by the United

States District Court for the Southern District of California, Central Division. That court had jurisdiction to entertain the petition of the State prisoner, detained at the California Men's Colony, East Facility, Los Padres, California, by virtue of 28 U.S.C. § 2241(a). Jurisdiction to hear the appeal from the denial of the writ is vested in this court pursuant to 28 U.S.C. § 2253.

Appellant has raised a number of substantive reasons why his detention is illegal. He alleges that the grounds of illegality were raised in his application for a writ filed in the Superior Court, Mendocino County, California, but that this application has not been seasonably acted upon by that court. He now contends that the unreasonable delay of the State court in acting upon his allegation of illegal detention based on alleged infringements of his constitutional rights vests the federal courts with jurisdiction to hear his application for a writ of habeas corpus.

The district court denied the petition on the ground that appellant had failed to exhaust his State remedies.

That court expressly held that if appellant objects to the disposition of his application in the Superior Court, he should raise his objections in the State Court of Appeal (California Constitution art. 6, § 4b) and the California Supreme Court (California Constitution art. 6, § 4). Until such State remedies were exhausted, the district court held it had no power to grant appellant's request for a writ of habeas corpus.

 We agree with the conclusion of the district court. 28 U.S.C. § 2254 expressly requires exhaustion of all State remedies before petitioning the Federal courts for a writ of habeas corpus unless "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." Neither of these exceptions to the general rule is present in the facts of this case. Rather the facts lend themselves to a direct application of the second paragraph of § 2254 which provides:

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

The State court procedures offer ample opportunity for appellant to air his grievances. "Ineffectiveness" of State relief cannot be established if no attempt is made to obtain that relief. It is apparent that appellant must first perfect his appeal throughout the State court hierarchy before requesting relief from the federal courts. Rayborn v. Jones, 284 F.2d 678 (6th Cir. 1960). See also Fay v. Noia, 372 U.S. 391, 427–38, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Rose v. Dickson, 327 F.2d 27 (9th Cir. 1964).

 In addition to appellant's failure to exhaust his State remedies, we are required to note that this court has consistently held that a petition for a writ of habeas corpus must be dismissed for want of an indispensable party where the party under whose custody the prisoner is detained has not been named, or served, as respondent. "An application for a writ of habeas corpus is the assertion of a right against the person having the applicant in custody." Roseborough v. California, 322 F.2d 788 (9th Cir. 1963). To the same effect, see, e. g., Bohm v. Alaska, 320 F.2d 851 (9th Cir. 1963). In the case before us, appellant-petitioner has incorrectly named the State of California as respondent, rather than the warden of the institution where he is detained. On this ground alone, the federal courts would be justified in refusing to act on the petition for writ of habeas corpus.

The order of the district court is affirmed.