**George W. PALMER, Appellant,**

v.

**Howard M. COMSTOCK et al., Appellees.**

No. 22084.

United States Court of Appeals Ninth Circuit.

April 16, 1968.

Rehearing Denied May 23, 1968.

Edward D. O'Brian (argued), Anaheim, Cal., for appellant.

Jack R. Winkler (argued), Deputy Atty. Gen., Doris H. Maier, Asst. Atty. Gen., Thomas C. Lynch, Atty. Gen., Sacramento, Cal., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and MERRILL and BROWNING, Circuit Judges.

PER CURIAM.

The district court's judgment dismissing appellant's petition for habeas corpus is affirmed on the ground that appellant has not exhausted available state remedies. Morehead v. State of California, 339 F.2d 170 (9th Cir. 1964).

ON PETITION FOR REHEARING

PER CURIAM:

Appellant contends that the exhaustion requirement of 28 U.S.C. § 2254 has been satisfied because a petition for habeas corpus raising the constitutional issues was submitted to and denied by a state trial court, and "These issues * * * need only be presented once." Schiers v. People of State of California, 333 F.2d 173, 174 (9th Cir. 1964). *Schiers* holds only that the issues raised and rejected in an appeal from a judgment of conviction need not be submitted a second time to the state courts through state habeas corpus proceedings. Blair v. People of State of California, 340 F.2d 741, 744 (9th Cir. 1965) is to the same effect. *Schiers* does not hold that a habeas corpus petitioner may move directly from a state trial court to a federal court without

first submitting the issues to state appellate tribunals. To the contrary, "[i]t is apparent that appellant must first perfect his appeal throughout the State court hierarchy before requesting relief from the federal courts." Morehead v. State of California, 339 F.2d 170, 171 (9th Cir. 1964). It would be particularly inappropriate to by-pass the state appellate courts in this case for the decision principally relied upon by appellant, Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), was announced after the denial of appellant's petition by the state trial court "and the California courts have never had an opportunity to appraise petitioner's rights in the light of that opinion." *Schiers*, supra, 333 F.2d at 177, Accord, *Blair*, supra, 340 F.2d at 745.

The petition for rehearing is denied.