George PAPPAGEORGE,
Petitioner-Appellant,

v.

George W. SUMNER, Warden,
Respondent-Appellee.

No. 81–5489.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 2, 1982.

Decided Sept. 29, 1982.

George H. King, King & Chen, Los Angeles, Cal., for petitioner-appellant.

Gelacio L. Bayani, Deputy Atty. Gen., Los Angeles, Cal., argued, for respondent-appellee; Donald F. Roeschke, Los Angeles, Cal., on brief.

Before ELY, GOODWIN, and WALLACE, Circuit Judges.

ELY, Circuit Judge, concurring:

I concur in the result. At the same time, however, I believe that the exhaustion problem warrants more extensive discussion.

Although the habeas statute speaks of the exhaustion of "the remedies available in the courts of the State," 28 U.S.C. § 2254(b), the Supreme Court has normally spoken of the exhaustion requirement in terms of the exhaustion of "federal *claims*" or "*claims* of constitutional error." *See Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982) (emphasis added). Thus, the majority appears correct when it asserts that the Supreme Court has never explicitly decided whether an allegation of different "operative facts" in federal court transforms a particular legal theo-

ry, *e.g.*, ineffective assistance of counsel, into a different "claim of constitutional error."

I do not think, however, that *Rose v. Lundy* supplies inferential support as strong as the majority's Order suggests. Justice O'Connor's concern that the District Court considered facts not raised before the state courts related to her conclusion that the District Court had actually considered two unexhausted claims that were separate from but related to the two exhausted claims. *See* 102 S.Ct. at 1204.

The Supreme Court has stated that the exhaustion requirement is satisfied "if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding . . . ." *Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The federal claim must have been "fairly presented" to the state courts. *Id.* at 275, 92 S.Ct. at 512.

In considering whether a claim has been fairly presented to state courts, our Circuit has held the exhaustion requirement satisfied if the claims stated in the federal habeas petition "are the *substantial equivalent* of contentions presented to the state courts." *Schiers v. People,* 333 F.2d 173, 174 (9th Cir. 1964) (emphasis added).

In the specific context of claims of ineffective assistance of counsel, our Circuit has concluded that claims raised in federal habeas were not the "substantial equivalent" of state claims when the state claim rested solely on the basis of the trial record but the federal claim asserted additional facts of attorney incompetence outside the record. Since these additional facts could not have been considered by the state court in passing on the claim of ineffective assistance of counsel, the claim in the federal habeas proceeding was "wholly transformed by other factual assertions of the petitioner into quite a different problem." *Daniels v. Nelson,* 453 F.2d 340, 342 (9th Cir. 1972); *Schiers,* 333 F.2d at 175, 176. *See also United States v. Herold,* 349 F.2d 372, 373 (2d Cir. 1965) (exhaustion not met because state court not given opportunity to examine certain pretrial records).

In a recent First Circuit case involving a situation similar to the instant case, the petitioner's ineffective assistance of counsel claim was enlarged from a single act of incompetence alleged in state court (failure to object to a jury instruction) to a general attack in federal court upon numerous instances of the attorney's alleged incompetence during trial and before trial. *Domaingue v. Butterworth,* 641 F.2d 8, 10 (1st Cir. 1981). The First Circuit held that the petitioner's ineffective assistance of counsel claim was "materially broader" than the one presented to state courts, and the addition of numerous other acts of alleged incompetence rendered his federal claim not substantially equivalent to the state claim. The addition of facts *outside* the record, the court held, established that the petitioner had not exhausted his broader claim of ineffective assistance of counsel in state court. 641 F.2d at 12–13.

In the instant case, Pappageorge has added a key factual allegation that was not part of the record that the state court considered: his trial attorney allegedly knew of bias on the part of the key prosecution witness yet failed to cross-examine on that point. Although Pappageorge contends that the failure to cross-examine is only one of multiple deficiencies that cumulatively caused prejudice, *see Cooper v. Fitzharris,* 586 F.2d 1325, 1333 (9th Cir. 1978) (en banc), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979), the state court does not appear to have had a fair opportunity to pass on this new factual allegation that was not part of the record before it or raised before it. Petitioner's claim of ineffective assistance of counsel thus cannot be called "substantially equivalent" to the claim he presented to the California courts. Therefore, as I have said, I agree with my Brothers that Pappageorge has not exhausted his state remedies.[1]

---

1. *See also Matias v. Oshiro,* 683 F.2d 318, 319 (9th Cir. 1982).