**Milton VENTURA, Plaintiff-Appellant,**

v.

**Hoyt C. CUPP, Superintendent, Oregon State Penitentiary, Defendant-Appellee.**

No. 81–3598.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 1982.

Decided Oct. 21, 1982.

As Amended Jan. 12, 1983.

Hollis K. McMilan, Eugene, Or., for plaintiff-appellant.

Virginia L. Linder, Asst. Atty. Gen., Salem, Or., for defendant-appellee.

---

Before KILKENNY, SNEED and SKO-PIL, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a petition for habeas corpus. It nicely illustrates certain difficulties with the exhaustion of state remedies requirement.

■ Federal law requires exhaustion of all state remedies. 28 U.S.C. § 2254(b)–(c) (1976); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 1201–02, 71 L.Ed.2d 379 (1982). Remedies that appear not to have been exhausted, such as the appeal of a conviction to the state's highest court, *see Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981), *cert. denied,* 455 U.S. 1023, 102 S.Ct. 1722, 72 L.Ed.2d 142 (1982), may in fact not have been available. Or remedies not employed, although available, may nonetheless be capable of being raised because either the failure to exhaust was a failure to appeal that did not constitute a deliberate bypass, *see Fay v. Noia,* 372 U.S. 391, 438–39, 83 S.Ct. 822, 848–49, 9 L.Ed.2d 837 (1963); *Wainwright v. Sykes,* 433 U.S. 72, 88 n.12, 97 S.Ct. 2497, 2507 n.12, 53 L.Ed.2d 594 (1977), or because there was cause for, and actual prejudice from, the failure to exhaust, *see Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). The extent to which *Fay v. Noia, supra,* has survived *Wainwright v. Sykes, supra,* and *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), is uncertain. The requirement of exhaustion cannot be waived by the state "unless the interest of justice so requires." *Sweet v. Cupp,* 640 F.2d 233, 237 n.5 (9th Cir. 1981).

These principles are implicated in this appeal. The petitioner was convicted on three counts of first degree robbery, two counts of first degree assault, and one count of being an ex-felon in possession of a firearm. He was sentenced to twenty years imprisonment on each first degree robbery count to run concurrently. He was also sentenced to consecutive twenty year terms of imprisonment for the assault counts to run consecutively with the robbery sentence, and to five years imprisonment for being an ex-felon in possession of a firearm

to run consecutively to the robbery and assault sentences. Thus, petitioner's total sentence is 65 years imprisonment.

Petitioner appealed his convictions to the Oregon Court of Appeals, which affirmed his convictions. *State v. Ventura,* 27 Or. App. 427, 556 P.2d 1391 (1976). No review by the Oregon Supreme Court was sought by petitioner. Petitioner then sought post-conviction relief in the Oregon courts pursuant to Or.Rev.Stat. §§ 138.510–.680 (1981). The Oregon trial court denied relief, the Oregon Court of Appeals affirmed, and the Supreme Court of Oregon denied review, *see Ventura v. Cupp,* 289 Or. 45, 610 P.2d 1232 (1980), and then denied reconsideration of the petition for review, *id.* Thereafter, the petitioner sought review by the Supreme Court of the United States, but his petition for a writ of certiorari was denied. *Ventura v. Cupp,* 449 U.S. 864, 101 S.Ct. 170, 66 L.Ed.2d 81 (1980).

The exhaustion issue is further complicated by the fact that the issues raised by the petitioner at each level of review have not remained constant. Thus, at the trial and before the Oregon Court of Appeals the petitioner argued that his statements to the police after being taken into custody should have been suppressed because they were obtained in violation of his right against self-incrimination under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This issue, however, was not placed before the Oregon Supreme Court. In his post-conviction efforts before the Oregon courts he asserted that the consecutive terms of imprisonment were not authorized by Oregon law and that, as a result, the imposition of such terms violated the Due Process Clause of the Fifth Amendment. In the petition for a writ of certiorari to the Supreme Court of the United States, the Double Jeopardy Clause of the Fifth Amendment was invoked by the petitioner by his contention that the crimes for which he received consecutive terms of imprisonment were for the same act and transaction and should have been merged for sentencing. Finally, in the habeas petition here being reviewed petitioner contends that he

was interrogated without the presence of his attorney after he had been arraigned and thus deprived of his Sixth Amendment rights.

█ The failure to obtain review by the Supreme Court of Oregon of petitioner's *Miranda* rights, the presentation of the double jeopardy claim only in the petition for certiorari to the Supreme Court of the United States, and the belated assertion of Sixth Amendment rights suggest a failure to exhaust state remedies that would require dismissal of this habeas petition. However, it is not possible on the basis of this record to determine whether the failure to exhaust is properly excused in whole or in part or whether, in the case of the failure to appeal his conviction to the Supreme Court of Oregon, any such state remedy still exists. The magistrate's findings and recommendations adopted by the district court did not address the exhaustion issue.

Therefore, we must dismiss this appeal and remand to the district court to determine (1) whether any state remedies remain available to petitioner, (2) whether any previously available state remedies were not exhausted, and (3) whether the failure to have employed available state remedies was either a deliberate bypass or a situation in which cause for, and actual prejudice from, the failure to have so employed state remedies was lacking. If state remedies with respect to any claim remain available, the petition should be dismissed. If no remedy remains available and there was a failure by the petitioner to utilize certain once available remedies, the petition again should be dismissed unless the failure to exhaust is excused either by *Fay v. Noia, supra,* or under the teaching of *Wainwright v. Sykes, supra.* If the failure to exhaust is excused, the district court should consider the merits of any issues with respect to which the exhaustion requirement has been so excused. If no state remedy remains available and no once available state remedy was unutilized by the petitioner, the district court should consider the merits of the petition.

DISMISSED and REMANDED.