**Robert Gordon JOHNSTONE, Petitioner,**

v.

**Charles L. WOLFF, Jr., Warden, Nevada State Prison, Respondent.**

**No. CV–R–79–149–ECR.**

United States District Court,
D. Nevada.

Jan. 31, 1984.

Edward Bernard, Carson City, Nev., for petitioner.

Richard Bryan, Atty. Gen., Carson City, Nev., for respondent.

## ORDER

EDWARD C. REED, Jr., District Judge.

### Background

Petitioner was convicted of first degree murder in 1976. The Nevada Supreme Court affirmed the conviction on July 27, 1977. *Johnstone v. State of Nevada,* 93 Nev. 427, 566 P.2d 1130 (1977).

On August 11, 1978, petitioner filed a state petition for habeas corpus. He claimed, *inter alia,* that he had been denied effective assistance of counsel. This claim was based on allegations that

(1) It was impossible for petitioner's attorney, Mr. Sutton, to prepare adequately for trial because the attorney's life had been threatened and his movements were "limited by the protective custody that surrounded him during the time that he represented the Petitioner."

(2) Mr. Sutton was surprised by the Felony Murder theory used by the prosecution, and was unprepared to conduct an effective defense against it.

(3) Petitioner received ineffective assistance of counsel on the appeal of his case to the Nevada Supreme Court. Petitioner claimed that Mr. Schaefer, the attorney that handled his appeal after Mr. Sutton was disbarred, "left several issues out of the appeal that Petitioner want[ed] presented to the [Nevada Supreme] court," and that he informed him of "very little that was happening in the appeal until after the Nevada Supreme Court had affirmed the Petitioner's Conviction."

The state district court denied the petition upon the grounds that Petitioner waived his claim for relief when he failed to present his claims to the trial Court, or failed to raise his claims in his prior appeal to the Nevada Supreme Court, and has failed to show good cause for failure to present such claims as required ... [by] NRS 177.375(2).

The Nevada Supreme Court dismissed petitioner's appeal. Its opinion pointed out that petitioner had also failed to comply with the requirements of NRS 177.315(3), which provides that post-conviction relief proceedings must be filed "within 1 year from the final decision upon or pursuant to the appeal." *Johnstone v. Warden, Nevada State Prison,* No. 11162 (Feb. 15, 1979).

In July, 1979, petitioner filed a federal habeas petition in this Court. The federal petition alleged several grounds for relief, including ineffective assistance of counsel. Specifically, petitioner contended that:

(1) "Petitioner's Counsel and Co/Counsel during pretrial and trial was [sic] ineffective;"

(2) "Counsel that was appointed to Petitioner's case, was disbarred one month after Petitioner was convicted;"

(3) "Co/Counsel that handled Petitioner's appeal was ineffective" because

(a) he "was on Petitioner's trial for only four weeks," and

(b) he "was not well versed in the Nevada Law in that he was a Calif. attoreny [sic]."

This Court dismissed the federal habeas petition on March 28, 1980, and petitioner appealed. On January 4, 1982, the dismissal was affirmed with the exception of the claim of ineffective assistance of counsel. 672 F.2d 922. The Ninth Circuit ordered that petitioner be permitted to amend his petition with respect to that claim in order to incorporate additional allegations of ineffective assistance appearing in a "brief" filed by petitioner in this court (see "Memorandum in Support of Petition for Writ of Habeas Corpus," filed Nov. 29, 1979, at 25–31), and that an evidentiary hearing be held if appropriate. Subsequent to the Ninth Circuit's decision, further instances of ineffective assistance of counsel were alleged in petitioner's "Amended Petition for a Writ of Habeas Corpus," and at hearings before this Court on August 2, 1983, and October 17, 1983.[1] The petition is hereby deemed amended to incorporate these additional claims.

*Discussion*

■ On March 3, 1982, the Supreme Court announced its decision in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). *Rose v. Lundy* requires that federal habeas petitions containing both exhausted and unexhausted state claims be dismissed, "leaving the peti-

tioner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* at 510, 102 S.Ct. at 1199.

Since *Rose v. Lundy* was announced subsequent to the Ninth Circuit's decision in this case, the issue of retroactive application arises. Courts in other circuits have indicated that *Rose v. Lundy* should be applied retroactively. *Shears v. Israel*, 712 F.2d 1220, 1222 n. 4 (7th Cir.1983); *Burns v. Estelle*, 695 F.2d 847, 852 n. 2 (5th Cir. 1983). While the Ninth Circuit has not ruled on whether or not the decision should be retroactively applied, its practice has been to so apply it. *See, e.g., Ventura v. Cupp*, 690 F.2d 740 (9th Cir.1983) (applying *Rose v. Lundy* exhaustion rule to a 1981 district court decision[2] denying a petition for habeas corpus); *Pappageorge v. Sumner*, 688 F.2d 1294 (9th Cir.1982) (same[3]), *cert. denied* 459 U.S. 1219, 103 S.Ct. 1223, 75 L.Ed.2d 459 (1983). In conformity with this practice, this Court holds that the exhaustion requirement of *Rose v. Lundy* applies to this case.[4]

In *Pappageorge, supra*, a federal habeas petitioner raised the issues of ineffective assistance of trial counsel due to failure to move to dismiss on account of pre-arrest delay, failure to object to the admission of an invoice, and failure to cross-examine prosecution witnesses properly. At oral argument before the Ninth Circuit, his attorney conceded that the issue of failure to cross examine witnesses properly had not been raised in the state court. The court

1. See Note 5 *infra.*

2. *See Ventura v. Cupp*, No. CV 81–6043 (D.Or. 1981), *remanded* 690 F.2d 740 (9th Cir.1983).

3. *See Pappageorge v. Sumner*, No. CV 80–5063 (C.D.Cal.1981), *remanded with instructions to dismiss* 688 F.2d 1294 (9th Cir.1982), *cert. denied*, 459 U.S. 1219, 103 S.Ct. 1223, 75 L.Ed.2d 459 (1983).

4. In its initial order dismissing the federal habeas petition, this Court stated that "[i]t appears ... that petitioner has exhausted his remedies as to each of the claims contained herein ...." That statement, however, applied only to the

claims in the original federal habeas petition, and not to the additional unsworn allegations of ineffective assistance contained in petitioner's "Memorandum in Support of Petition for Writ of Habeas Corpus." As the Ninth Circuit pointed out in its decision in this case, such unsworn allegations could not have supported "an otherwise deficient petition." The Court has examined those allegations that were incorporated into petitioner's amended complaint or raised during the course of the evidentiary hearings before it (see Note 5 *infra* and accompanying text), and finds that they have not been exhausted.

held that the petitioner had therefore failed to exhaust his state remedies. 688 F.2d at 1294.

■■■ This result is consistent with the proposition that if a petitioner's state and federal habeas claims are based on the same legal theories, but the federal claim is "materially broader" than the claim presented to the state courts, the federal claim is unexhausted and must be dismissed under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). *See* 688 F.2d at 1294–95 (concurring opinion). Thus, only those claims in petitioner's federal habeas petition that are the substantial factual equivalents to those claims presented to the Nevada state courts in petitioner's state habeas petition can be considered by this Court. *Id.* at 1295. The other claims in the federal habeas petition either have never been presented to the Nevada state courts, or else represent a material enlargement of the ineffective assistance claims that were presented at the state level. *See id.*[5] In view of the fact that the Nevada Supreme Court's dismissal of petitioner's state habeas petition was based on his failure to show "good cause" for not raising the issues therein before the one year statutory period expired, it is entirely possible that the Nevada state courts would consider the merits of the unexhausted claims if a showing of good cause was made. Therefore, petitioner cannot be said to have exhausted his state remedies as to these claims, and *Rose v. Lundy* requires their dismissal.

IT IS, THEREFORE, HEREBY ORDERED that the petition herein is amended to incorporate the additional claims described in this Order.

IT IS FURTHER ORDERED that these proceedings be dismissed unless the petition for federal habeas corpus is amended within 60 days so that only exhausted claims remain therein.

IT IS FURTHER ORDERED that the Clerk of this Court shall photocopy the documents furnished in response to this Court's Order of November 22, 1983,[6] and forward the originals to counsel for petitioner within 30 days, with the copies to be retained in the Court's files in this case.

---

5. The federal claims that are subject to dismissal under this test include, but are not limited to, the following:

—Failure of counsel to seek a pre-trial hearing to determine the competency of a prosecution witness (Mr. Lindsey). *See* Affidavit in Support of Amended Petition at 1 (Sept. 3, 1982).

—Failure of counsel to investigate the issues of whether "promises or favors were made by the Clark County District Attorney to Mr. Lindsey." *See id.* at 2.

—Failure of counsel to question Dr. O'Gorman. *See Id.*

—Failure of counsel to object to introduction of Lindsey's testimony on grounds that he was "acting as an agent for the homicide detectives." *See id.* at 2–3.

—Failure of counsel to attempt to impeach Mr. Koseares, another prosecution witness. *See id.* at 3.

—Failure of counsel to attempt to suppress allegedly coerced statements made by petitioner. *See id.* at 3–5.

—Failure of co-counsel to inform petitioner "as to what happened to attorney SUTTON" following his disbarment. *See id.* at 5.

—Failure to introduce evidence concerning petitioner's ownership of a jacket. *See id.* at 7–8.

—Inexperience of counsel (Mr. Schaefer) handling petitioner's appeal. *See id.* at 7.

—Conflict of interest because counsel (Mr. Sutton) had previously represented Mr. Lindsey. *See* Evidentiary hearing (1983).

—Alleged inability of Mr. Sutton to adequately represent petitioner because of pending professional disciplinary proceedings. *See id.*

—Failure of counsel to answer petitioner's letters. *See id.*

We recognize that these allegations were made pursuant to the Ninth Circuit's order that petitioner be permitted to amend his petition. However, the Supreme Court's intervening decision in *Rose v. Lundy* will not permit this Court to hear these additional claims until they are exhausted at the state court level.

6. See letter from counsel for petitioner, accompanying Document #70 (filed Dec. 8, 1983).