**Kenneth Wayne CARLISLE, Petitioner,**

v.

**Vernon G. HOUSEWRIGHT; the Attorney General of the State of Nevada, Respondents.**

**No. CV–R–85–57–ECR.**

United States District Court,
D. Nevada.

Oct. 15, 1985.

Kenneth Wayne Carlisle, in pro. per.

Brian McKay, Atty. Gen. by Arthur G. Noxon, Deputy, Carson City, Nev., for respondents.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Petitioner, a prisoner of the State of Nevada, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition sets forth five separate claims of violations of his federal constitutional rights in connection with his conviction by a jury of six felonies related to the sexual assault of three young female hitchhikers. Respondents have met the petition with a motion to dismiss for failure to exhaust State remedies. The motion is aimed solely at the claim of ineffective assistance of counsel.

A claim of ineffective assistance of counsel was raised in State court via a petition for writ of habeas corpus. It was denied on the merits at the Nevada district court level. Petitioner's appeal of the denial was dismissed on the merits by the Nevada Supreme Court, which held that he had failed to sustain his burden of proving that his counsel was ineffective.

Respondents' motion to dismiss lists more than a dozen contentions raised by Petitioner in his memorandum of points and authorities herein, which contentions never were presented to the Nevada courts, in Respondents' estimation. The contentions may be divided into three groups for the purposes of this discussion. The first consists of a contention that was fairly presented to the Nevada courts, so that Respondents' motion is not well taken as to it. The contention is that defense counsel made an inadequate offer of proof in seeking admission into evidence of prior conduct and statements by the victims. This matter was raised on page 8 of Petitioner's opening brief in his direct appeal to the Nevada Supreme Court from his convictions.

The second group consists of contentions made in Petitioner's memorandum of points and authorities that are not raised in his within petition for a writ of habeas corpus. These are defense counsel's failure properly to cross-examine Officer James and victim Laura Bello, defense counsel's reference, during trial, to the crime as unqualified rape (rather than alleged rape or sexual assault) without any effort to alert the jury as to this mischaracterization, and defense counsel's failure to object to improper jury instructions. Petitioner is prosecuting his petition *pro se*. Since the proceedings are at an early stage (Respondents have not yet responded to the merits of the petition), the Court feels it appropriate to deem the petition to be amended by incorporating these contentions. None of them were raised in the State courts.

The third group consists of contentions that were not raised in the Nevada courts. These consist of:

(a) Defense counsel's inadequate motion for discovery, resulting in a denial of the requests for the victims' juvenile records;

(b) The inadequacy of defense counsel's motion to dismiss the coercion charge against Petitioner;

(c) Failure of defense counsel properly to conduct discovery, so that he was surprised by certain photographs admitted into evidence;

(d) Failure of defense counsel to object to, or seek admonishment of the jury concerning improper statements by the prosecution, the trial judge, and a prospective juror;

(e) Failure of defense counsel to move for a mistrial or otherwise act with respect to an ambiguous statement by the jury foreman, which statement leads Petitioner to believe that the jury reached compromise verdicts; and

(f) Defense counsel's filing of an appeal without consulting with Petitioner, thereby denying the latter input.

■ A federal court will not entertain a state prisoner's petition for writ of habeas corpus unless the prisoner has exhausted state judicial remedies. *Hillery v. Pulley,* 533 F.Supp. 1189, 1200 (E.D.Cal.1982), *aff'd* 733 F.2d 644 (9th Cir.1984), *app. pdg.* In order to exhaust available state remedies, the prisoner's claim must have been "fairly presented" to a state court. *Id.* at 533 F.Supp. 1200. The test for a fair presentation is whether the contentions made in the federal court petition are the substantial equivalent of those presented to the state court. *Id.; Schiers v. People of State of California,* 333 F.2d 173, 174 (9th Cir. 1964).

■ Petitioner has presented new theories to establish his claim of ineffective assistance of counsel. That is, the claim has been presented here in a different context than was the case in the Nevada courts. In such a case, state remedies have not been exhausted. *James v. Reese,* 546 F.2d 325, 327 (9th Cir.1976); *Schiers, supra* at 176; *Domaingue v. Butterworth,* 641 F.2d 8, 12 (1st Cir.1981). What Petitioner has done is to materially broaden the bases, both in fact and in theory, for his claim. It casts the claim in a significantly different light that the State court has not yet been asked to consider; therefore, the exhaustion of state remedies requirement has not been fulfilled. *Id.; Johnstone v. Wolff,* 582 F.Supp. 455, 458 (D.Nev.1984); *Matias v. Oshiro,* 683 F.2d 318, 319–20 (9th Cir.1982); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir.1982).

From the above it can be seen that Petitioner's petition combines exhausted and unexhausted claims. Dismissal of the petition is required in such case. *Szeto v. Rushen,* 709 F.2d 1340, 1341 (9th Cir.1983). Petitioner then will have the choice of returning to the State court to exhaust his claims or of amending his petition herein or submitting a new one so that only exhausted claims are presented. *Gutierrez v. Griggs,* 695 F.2d 1195, 1197 (9th Cir.1983).

IT IS, THEREFORE, HEREBY ORDERED that Petitioner's petition for a writ of habeas corpus be deemed amended to incorporate his contentions that his trial counsel failed properly to cross-examine Officer James and victim Laura Bello, that said counsel referred, during the trial, to the crime as unqualified rape (rather than alleged rape or sexual assault) without any effort to alert the jury as to his mischaracterization, and that defense counsel failed to object to improper jury instructions. This incorporation is in connection with Ground One of Petitioner's petition, which Ground claims ineffective assistance of counsel.

IT IS FURTHER ORDERED that Petitioner's petition for a writ of habeas corpus be, and the same hereby is, DISMISSED without prejudice.