19 F.3d 1439
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred Bernard DALE, Petitioner-Appellant,
v.
ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, Respondent-Appellee.
 No. 91-56055.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 1, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fred B. Dale, a California state parolee,[1] appeals the district court's denial of his 28 U.S.C. Sec. 2254 petition. He contends that the district court erred by denying his petition, without prejudice, for failure to exhaust state remedies. We have jurisdiction under 28 U.S.C. Sec. 2253. We accept the district court's factual findings unless clearly erroneous, Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990), review the district court's conclusions of law de novo, id., and reverse.
 
 
 3
 Dale's pro se petition for review in the California Supreme Court on direct appeal included the same allegation which Dale now makes in his federal habeas petition: that appellate counsel failed to present the merits of Dale's case to the court of appeals. The state argues that the allegations regarding appellate counsel contained in Dale's petition for review did not serve to exhaust his ineffective assistance of appellate counsel claim. We disagree.
 
 
 4
 Although Dale's pro se petition for review did not expressly invoke the Sixth Amendment or employ the phrase "ineffective assistance of appellate counsel," a claim may be fairly presented to the state courts without citing "chapter and verse" of the Constitution when the facts alleged call to mind a specific right protected by the Constitution. See Picard v. Connor, 404 U.S. 270, 278 (1971) (quoting Daugherty v. Gladden, 257 F.2d 750, 758 (9th Cir.1958) (exhaustion satisfied where all operative facts giving rise to asserted constitutional principle were raised in state court); cf. Anderson v. Harless, 459 U.S. 4, 6-7 (1982) (per curiam) (claim not fairly presented or exhausted when all operative facts were raised in state court but different legal theory was advanced in federal court). Dale's pro se allegations regarding appellate counsel, although not expressly characterized as an ineffective assistance claim, were sufficient to put the California Supreme Court on notice that Dale claimed his appellate counsel was ineffective. See Picard, 404 U.S. at 278.
 
 
 5
 California Rule of Court 29(b) provides that as a matter of policy the California Supreme Court, on petition for review, normally will not consider any issue that could have been but was not timely raised in the briefs filed in the state court of appeal. Because appellate counsel cannot challenge his or her own effectiveness, ineffective assistance of appellate counsel is not a claim that could have been but was not raised in the state court of appeal. Consequently, Rule 29(b) does not preclude the California Supreme Court from considering allegations of ineffective assistance of appellate counsel raised in a petition for review.
 
 
 6
 Although the California Supreme Court has announced that an ineffective assistance of counsel claim which cannot be resolved on the record is more appropriately raised on habeas corpus, People v. Pope, 23 Cal.3d 412, 426 (1979), California does not require that it be raised on collateral review to the exclusion of direct appeal. Turner v. Compoy, 827 F.2d 526, 529-30 (9th Cir.1987), cert. denied, 490 U.S. 1059 (1989). Unless a state rule mandates collateral review, presentation of a claim in a petition for review on direct appeal satisfies exhaustion. Id. at 530; see also Smith v. Digmon, 434 U.S. 332, 333 (1978) (per curiam) (once fairly presented, a claim is exhausted even if the state court fails to expressly rule on the claim).
 
 
 7
 The allegations regarding appellate counsel which Dale raised to the California Supreme Court in his petition for review on direct appeal are exhausted. Dale may proceed in federal court on his ineffective assistance of appellate counsel claim to the extent that (a) his factual allegations regarding that claim are the same as those raised in his petition for review on direct appeal and (b) any additional factual allegations do not fundamentally alter the claim which he presented in his petition for review on direct appeal. See Vasquez v. Hillery, 474 U.S. 254, 257-60 (1986); Pappageorge v. Sumner, 688 F.2d 1294, 1295 (9th Cir.1982), cert. denied, 459 U.S. 1219 (1983).
 
 
 8
 REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Only persons in custody may petition for writ of habeas corpus, see 28 U.S.C. Sec. 2254(a); a parolee is in custody for purposes of federal habeas corpus, see Jones v. Cunningham, 371 U.S. 236 (1963)