LYLE PHILIP LEHMANN, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 6190

January 27, 1971          480 P.2d 155

*Belford & O'Mara,* of Reno, for Appellant.

*Robert List,* Attorney General, of Carson City; *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

# OPINION

By the Court, Mowbray, J.:

This is an appeal from an order of the district court denying Lyle Philip Lehmann's post-conviction petition for relief.

1. *The Facts.*

On December 3, 1964, the Washoe County Grand Jury returned an indictment against Lehmann on the open charge of murder.[1] Lehmann was then 17 years of age. One year later, on December 15, 1965, the district attorney reduced the charge by filing an information in the same case accusing Lehmann of second degree murder, to which charge Lehmann entered a plea of guilty. There had not been a preliminary hearing or a waiver thereof. However, this procedure was followed with the consent and approval of Lehmann and his counsel at that time, and it was in effect the result of a negotiated plea. Lehmann was sentenced to 10 years to life in the state prison, where he is presently incarcerated. He has now filed this post-conviction petition, claiming that the district court was without jurisdiction to accept his guilty plea because he was not first certified by the juvenile court to be tried as an adult in the district court.

---

[1]"INDICTMENT

"Defendant, LYLE PHILIP LEHMANN, is accused by the GRAND JURY of Washoe County, State of Nevada, of a felony, to wit: MURDER, committed as follows:

"That the said defendant, LYLE PHILIP LEHMANN, on or about the 13th day of October, 1964, at and within the County of Washoe, State of Nevada, did then and there wilfully, unlawfully and feloniously, with malice aforethought, kill one HELEN LEHMANN, a human being, by beating the said HELEN LEHMANN about the head with a blunt instrument and stabbing her about the face and neck, thereby inflicting mortal wounds upon her, the said HELEN LEHMANN, from which said mortal wounds the said HELEN LEHMANN died within a year and a day after the infliction of said mortal wounds, to wit: On the 13th day of October, 1964.

"DATED this 2nd day of December, 1964."

NRS 62.080.[2] The district judge rejected his contention and denied his post-conviction petition. We affirm.

2. *The Certification.*

Under the Nevada Juvenile Court Act, the district courts of this State when holding juvenile court sessions are designated juvenile courts. NRS 62.030.[3] As such courts, they have original jurisdiction in proceedings over any child found or living within the county served by the court when the child violates any law of the State. NRS 62.040.[4] A child 16 years of age or older may not be tried as an adult in a criminal proceeding in the district court unless, after a full investigation, the juvenile court judge determines that the child should be certified to the district court having trial jurisdiction of the offense charged had the offense been committed by an adult. If, during the pendency of a criminal charge in the district court, it is learned that the defendant is under the age of 18 years, it is mandatory that the district judge arrest the proceedings and order the child taken before the juvenile court. Then, after a full hearing, the juvenile court may retain jurisdiction of the child or certify the child for trial as an adult as provided in NRS 62.080, supra. However, there is an exception to this procedure, and that is when the offense charged is a capital case. In such a case, the district court may retain jurisdiction without the aforementioned certification and proceed to try the child as an adult, providing the child is at least 16 years of age. NRS 62.050.[5]

---

[2]NRS 62.080:

"If a child 16 years of age or older is charged with an offense which would be a felony if committed by an adult, the court, after full investigation, may in its discretion retain jurisdiction or certify the child for proper criminal proceedings to any court which would have trial jurisdiction of such offense if committed by an adult; but no child under 16 years of age shall be so certified."

[3]NRS 62.030:

"The district courts shall have and exercise jurisdiction in all cases under this chapter, and, in the exercise of such jurisdiction, shall hold juvenile sessions and shall then be termed juvenile courts."

[4]NRS 62.040:

"1. Except as otherwise provided in this chapter, the court shall have exclusive original jurisdiction in proceedings:

"(a) Concerning any child living or found within the county:

" . . .

"(5) Who violates any state law or municipal ordinance, or any other rule or regulation having the force of law."

[5]NRS 62.050:

"If, during the pendency of a criminal or quasi-criminal charge, except in a capital offense, against any person in any court, it shall be ascertained that the person was under the age of 18 years at the time

In this case, Lehmann was 17 years of age when indicted by the grand jury on the open charge of murder, which is a capital offense. There was no need for certification by the juvenile court. Lehmann argues now that such a certification became necessary once the district attorney filed the information charging second degree murder. We do not agree. Admittedly, the certification proceeding is mandatory in all cases of juveniles except in capital cases. Second degree murder is not a capital offense, and a certification would have been required if Lehmann had been initially so indicted by the grand jury. The district attorney should not have filed an information in this case. The correct procedure would have been to follow NRS 174.320, subsection 2,[6] which permitted a defendant accused of murder to plead to the lesser degree with consent of the district attorney and approval of the district judge. Although the procedure selected was wrong, the effect was the same as though the correct method had been followed, and we find the procedural error was harmless.

Affirmed.

ZENOFF, C. J., BATJER, THOMPSON, and GUNDERSON, JJ., concur.

of committing the alleged offense, it shall be the duty of the court forthwith to transfer the case and record to the juvenile division. The court making such transfer shall order the child to be taken forthwith to the place of detention designated by the juvenile division or to that court itself, or release the child to the custody of some suitable person, to be brought before the court at a time designated."

[6]NRS 174.320, subsection 2, repealed 1967, and now NRS 174.065, subsection 1:

"On a plea of guilty to an information or indictment accusing a defendant of a crime divided into degrees, when consented to by the district attorney in open court and approved by the court, the plea may specify the degree, and in such event the defendant shall not be punished for a higher degree than that specified in the plea."