----------------------, A MINOR 15 YEARS OF AGE, APPELLANT, *v.* SHERIFF, WASHOE COUNTY, NEVADA, RESPONDENT.

No. 10591

June 14, 1978                                    579 P.2d 1249

----

320

*Donald K. Pope,* Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *Calvin Dunlap,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

An indictment, filed in the district court, charged the 15-year-old appellant with (1) attempted murder (NRS 200.010; NRS 208.070), and (2) leaving the scene of an accident, a felony (NRS 484.219).

A pretrial petition for a writ of habeas corpus contended the charges must be dismissed because "no child under the age of 16 years may be certified for treatment as an adult. . . ." The district judge considered and denied the habeas petition and in this appeal the same argument is reasserted.[1]

Appellant's central argument is that we must reverse because NRS 62.050 vests exclusive original jurisdiction in the juvenile division on all criminal charges brought against persons under the age of eighteen (18) years. That statute provides, in pertinent part:

> If, during the pendency of a criminal or quasi-criminal charge, *except a charge of murder or attempted murder,* brought against a person in any court, it is ascertained that the person was under the age of 18 years when the alleged offense was committed, the court shall forthwith transfer the case and record to the juvenile division. (Emphasis added.)

Thus, we see that the juvenile division has exclusive original jurisdiction of all crimes committed by persons under eighteen (18) years of age, except for the crimes of murder and attempted murder. NRS 62.040(1)(c)(1); NRS 62.050. Therefore, appellant's argument is valid insofar as the charge of

---

[1]The petition for habeas also requested that appellant be placed in a juvenile detention facility pending the outcome of the habeas challenge. The district judge granted that request.

leaving the scene of an accident is concerned and the district judge should have granted habeas on that charge. However, we can only conclude that appellant may be tried as an adult in the district court on the charge of attempted murder, even though he was only fifteen (15) years of age when the offense was allegedly committed.

Accordingly, the district court's order denying habeas as to the attempted murder charge is affirmed. The order denying habeas as to the charge of leaving the scene of an accident is reversed and the district court is instructed to dismiss that charge from the indictment.[2]

---

[2]Insofar as this opinion may be in conflict with Lehman v. Warden, 87 Nev. 24, 480 P.2d 155 (1971), and its progeny, such portion of that case must be and is hereby overruled.