CECIL POOLE, AKA CECIL LEONARD POOLE, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 12247

March 30, 1981                                    625 P.2d 1163

*Byron L. Bilyeu,* Elko, for Appellant.

*Richard Bryan,* Attorney General; *Robert Johnston,* District Attorney, White Pine County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from the conviction of Cecil Poole (Poole) for second degree murder. Poole was thirteen at the time of the murder.

There are six assignments of error on appeal.

1. *Juvenile Court Jurisdiction.* Appellant claims the district court had discretion to treat him as a juvenile even though he was charged and convicted of murder.

The legislature has removed murder and attempted murder from the juvenile court act. It clearly has the power to do so. NRS 62.040(1)(c)(1); Lehmann v. Warden, 87 Nev. 24, 480 P.2d 155 (1971).

NRS 62.050 gives the court no discretion to treat the matter in any way other than was done. The juvenile court has no jurisdiction.

2. *Prosecutor's Improper Statements.* During cross-examination of Albert Henroid, the Appellant's grandfather, by the district attorney, defense counsel entered an objection. The district attorney responded in the following manner: "Your Honor, I feel this line of questioning will go directly to the credibility of this particular witness and will demonstrate that he is covering up facts."

Defense Counsel objected to such a comment and moved for mistrial. The motion was denied.

Even if we were to assume that the remark was improper, reversal on this point would not be in order. In Pickworth v. State, 95 Nev. 547, 598 P.2d 626 (1979), this court held that an improper remark by the prosecutor will not require reversal if the evidence supporting the conviction is substantial. Poole admitted shooting the victim. His counsel conceded that in all probability Poole was not legally insane at the time of the homicide. It is very difficult to label this comment as being improper at all; in any event since the evidence against Poole was substantial, the improper statement was harmless error. NRS 178.598; Pickworth v. State, *supra.*

3. *Violation of Discovery Order.* Poole contends that the district court should have prohibited the state from using a taped statement of Albert Henroid to impeach Henroid. A discovery order required full disclosure of statements by Poole or about him. Poole's brief seems to allege that defense counsel was unaware of the taped statement of Albert Henroid. The record does not bear out this contention. During a preliminary hearing on confessions and evidence, Officer Bernie Romero testified that the police had interviewed Henroid and that the interview had been recorded. He also testified on cross-examination that the tapes were available. When the state

sought to impeach Henroid with the tape, defense counsel admitted that he had been given access to it.

Clearly defense counsel knew of the tape prior to trial. A discovery order does not require the district attorney to actively seek out defense counsel and present statements to him; rather, counsel has the duty to go to the district attorney's office and obtain the statements himself. *See* People v. Garner, 367 P.2d 680 (Cal. 1961). Even if the tape provided an alibi for Poole, the doctrine of Brady v. Maryland, 373 U.S. 82 (1963), does not apply, since defense counsel knew of the statement prior to trial. *Cf.* O'Brien v. State, 88 Nev. 488, 500 P.2d 693 (1972) (district court erred in refusing to grant continuance where state failed to reveal evidence favorable to defendant until the middle of trial).

4. *Knowledge of Wrongfulness of Acts.* Children between the ages of eight years and fourteen years are not liable to punishment absent clear proof that at the time of committing the crime they knew of its wrongfulness. NRS 194.010(2). Poole claims that there is insufficient evidence to show that he had knowledge of the wrongfulness of his acts. This contention is without merit. Poole hid the murder weapon, as well as other pieces of evidence. He fabricated stories in attempting to create an alibi. He claimed the shooting had been accidental; and he testified that he knew killing people was wrong. There was ample evidence that Poole knew the wrongfulness of his act.

5. *Insanity Test.* With no real argument to support his urging, Appellant asks that we reject the McNaughten rule and adopt a new test for insanity. In 1979 we reaffirmed this jurisdiction's use of that test for criminal insanity. Clark v. State, 95 Nev. 24, 588 P.2d 1027 (1979). We again, in this case, decline to make a change.

6. *Jury Instruction.* The trial judge refused to give the following proposed instruction: ''You may consider evidence which tends to prove any lesser degree of mental disorder other than insanity on the question of the state of mind of the Defendant.''

The proposed instruction is unintelligible. Under McNaughten, there is no exculpatory ''lesser degree of mental disorder other than insanity.'' No premeditation, deliberation or other specific intent is involved in second degree murder, so that no

mental condition other than general capacity, *mens rea,* is in issue. Thus, the judge was correct in refusing to give this instruction.

All of appellant's assignments of error are without merit. Judgment is affirmed.