**Charles PATTERSON, Petitioner,**

v.

**Howard BEYER, et al., Respondents.**

Civ. No. 86–2469.

United States District Court,
D. New Jersey.

July 29, 1987.

Charles Patterson, pro se.

Steven Pasternak, Deputy Atty. Gen., Div. of Criminal Justice, Trenton, N.J., for respondents.

### OPINION

COWEN, District Judge:

Charles Patterson, currently incarcerated at Trenton State Prison, petitions this court for a writ of habeas corpus. The petition was referred to a United States Magistrate for a Report and Recommendation. The Magistrate recommended that the court find that petitioner had exhausted his state remedies and deny the petition on the merits. Petitioner has submitted objections to the Magistrate's Report and Recommendation. For the reasons that follow, the petition is dismissed for failure to exhaust state remedies.

On September 1, 1983, petitioner was convicted of various crimes, including armed robbery. Before this court, he makes three arguments. First, he contends that Count 3 of the indictment failed to charge an offense under New Jersey law, and thus he stands convicted of a "non-offense" in violation of the due process clause of the Fourteenth Amendment. Second, he contends that Count 3 of the indictment omitted essential elements of the offense of robbery, making it possible that the grand jury failed to consider each element of the offense, and thus he was deprived of the protections of the grand jury in violation of the Fifth and Fourteenth Amendments. Third, he contends that Count 3 of the indictment was so deficient as to deprive him of his right under the Sixth Amendment to be apprised of the charges against him.

The essence of all three claims is that the Count 3 of the indictment alleged that petitioner committed "an act of robbery upon The Merit Gas Station," rather than an act of robbery upon a person.

28 U.S.C. 2254(d) requires that a petitioner for a writ of habeas corpus exhaust his state remedies. In order to meet this requirement, a petitioner must fairly present the substance of his federal claim to the state court. "It is not enough that all facts necessary to support the federal claim were before the state court or that a somewhat similar state-law claim was made." *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (per curiam) (citation omitted).

In this case, it is clear that petitioner did not explicitly raise any federal claims in state court. Instead he made two primary arguments on appeal: First, he argued that Count 3 failed to state an offense under New Jersey law. Second, he argued that his sentence was excessive.[1]

No provision of the Federal Constitution was cited by petitioner nor was a single federal case cited. A reading of petitioner's briefs in state court demonstrates that his argument was based solely on state law.

If this court were writing on a clean slate, it would agree with Judge Graafeiland that, at a minimum, it must be clear that the petitioner raised a federal claim in state court. *Daye v. Attorney General of New York,* 696 F.2d 186, 199 (2d Cir.1982) (Graafeiland, J., dissenting); *see also Thomas v. Wyrick,* 622 F.2d 411 (8th Cir. 1980). A petitioner should not be considered to have exhausted his state remedies unless he has in some way called the attention of the state court to a federal claim.

There are at least three important reasons for this. First, it is ordinarily poor jurisprudence for a court to rule on a claim not made.[2] The rules of exhaustion should not be framed so as to make it necessary for state courts to violate this principle of jurisprudence. If we are serious about federalism, state courts should be allowed to rely on their own laws, including their con-

---

**1.** Petitioner has not made any claim in this court that is in any way connected to this latter argument. Therefore, the court will concentrate on the former argument.

**2.** There are, of course, exceptions. For example, a court of limited jurisdiction should always question its own subject matter jurisdiction. Similarly, it is proper for a court to raise the issue of exhaustion *sua sponte. Brown v. Fauver,* 819 F.2d 395, 398 (3d Cir.1987).

stitutions, without a federal court insisting that they also decide federal issues which the parties have not raised.

Second, there may be strategic reasons why a criminal defendant may choose to rely on state law rather than federal law, such as insulating the case from review by the United States Supreme Court. *See Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). If the defendant raises only state law claims and the state court decides only the claims raised, the United States Supreme Court cannot review the decision. It would be incongruous to allow a criminal defendant to insulate favorable decisions from federal review but nevertheless afford him a forum in federal district court—based on an omitted federal claim—should his gamble in the state court not pay off.

Third, the rules governing exhaustion must be fashioned not only for the many non-meritorious petitions, but also for the few meritorious petitions. As Judge Graafeiland has explained:

A district judge who is forced to assume that State court judges have considered a [federal] constitutional claim, must also assume that the State court judges have silently rejected it. Should the district judge grant a writ under such circumstances, he will be telling the State court judges in substance that he assumes they were smart enough to spot a [federal] constitutional question but not smart enough to answer it correctly. This, I suggest, is not comity.

*Daye*, 696 F.2d at 199 (Graafeiland, J., dissenting).

■ The Third Circuit Court of Appeals, however, has held that a failure "to invoke a specific constitutional provision in [petitioner's] state court briefs ... will not preclude a finding of exhaustion where 'the substance of the ... state claim is virtually indistinguishable from the [constitutional] allegation' raised in federal court." *Santana v. Fenton*, 685 F.2d 71, 74 (3d Cir.1982) (quoting *Bisaccia v. Attorney General of New Jersey*, 623 F.2d 307, 312 (3d Cir.), *cert. denied*, 449 U.S. 1042, 101 S.Ct. 622, 66 L.Ed.2d 504 (1980)). It appears that all that is required in this circuit is that the claims presented to the state court be the "substantial equivalent" of those asserted in the federal habeas corpus petition. *McMahon v. Fulcomer*, 821 F.2d 934, 940–41 (3d Cir.1987).[3]

■ The United States Constitution does not require that state prosecutions be initiated by grand jury indictment. *Alexander v. Louisiana*, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972). Instead, the federal constitution only guarantees that defendants receive fair notice of the charges against them. *Cole v. Arkansas*, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948). On the other hand, Article 1, para. 8 of the New Jersey Constitution does guarantee the right to indictment by grand jury. While one of the values served by the requirement of an indictment is fair notice, it is manifest that a claim based on lack of fair notice is readily distinguishable from a claim based on a defective indictment.[4] For example, one of the major values served by the requirement of a grand jury indictment is to interpose the members of the grand jury between the accused and the state, thereby preventing accusations without basis. An argument based on an alleged bypass of this screening mechanism has no place in a claim based on the federal constitution's requirement of fair notice.

■ Given this background, the following passage contained in petitioner's state court brief can only be interpreted to refer

---

3. In this court's view, it would be more analytically sound to say that a petitioner who raised a state law claim in state court and a federal law claim in federal court has not exhausted his state remedies but possibly excuse the failure to exhaust if the state and federal claims are so similar that it is clear that presentation of the federal claim to the state court would be futile.

4. Simply because it may be easier to prevail on the state claim should not excuse failure to raise the federal claim in state court, unless it can be said that presentation of the federal claims to the state court would be futile.

to the state constitution, not the federal constitution:

> The requirement that a crime be properly charged in an indictment is intended to protect valuable constitutional rights. As expressed in *State v. Wine* [*sic*], supra, 80 N.J. [491] at 501 [404 A.2d 302 (1979)], "a person criminally accused is entitled to be informed of the crime he is called upon to meet, to be charged with crime only by a grand jury and to be spared the risk of being placed twice in jeopardy for the same offense." Since Count Three of the indictment was fatally defective by charging a non-existent offense, it failed to properly protect the defendant's constitutional rights, warranting a reversal of the resulting conviction.[5]

Brief at 14–15. Moreover, in light of the difference bewteen the state and federal rights, it is not surprising that neither the government nor the court alluded to a single federal case. Indeed, none of the state court decisions cited in petitioner's state court brief themselves cited any federal cases on the relevant point. *Cf. Anderson v. Harless*, 459 U.S. at 7, n. 3, 103 S.Ct. at 278 n. 3 ("We doubt that a defendant's citation to a state-court decision predicated solely on state law ordinarily will be sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the *cited* case advanced a federal claim.") (emphasis in original).

Of the three claims advanced by the petitioner in this court, it is clear that at least one is not the substantial equivalent of the claim based on state law raised in the state court: the claim that he was not given adequate notice of the charges against him (ground 3).

■ The Magistrate did not recommend that this court find that this claim is substantially equivalent to the claim advanced in state court. Instead, the Magistrate relied on *Daye v. Attorney General of New York*, 696 F.2d 186, 194 (2d Cir.1982) (en banc) for the proposition that where a state defendant relied on state cases employing constitutional analysis in like fact situations and where the allegations comprise a fact pattern well within the mainstream of constitutional litigation, the federal court should assume that the state court was alerted to the federal claim and considered it *sub silentio*.

This court does not consider the analysis of state constitutional law in the cited state court decisions to put the state court on notice that federal constitutional claims were being made. As noted above, the federal constitutional requirements and the state constitutional requirements are simply different. Moreover, this court has located no decision of the Third Circuit Court of Appeals commenting on the *Daye* analysis. Absent controlling authority to the contrary, this court is unwilling to assume that state judges considered claims not raised—and proceeded to decide them without acknowledging that they were doing so—simply because the federal claim is within the mainstream of federal constitutional litigation.

This court has no doubt that the judges in the New Jersey court system, if they were defense counsel in petitioner's case, would have realized that there was a federal claim that could have been made along with the state claim.[6] A judge, however, is not an advocate. While a judge should act to prevent manifest injustice in the cases before him, he is not on the bench to decide every issue which occurs to him in the course of a case. It shows no disrespect at all for this court to assume that state court judges only decide the issues presented for adjudication and do not reach out unnecessarily to decide other issues.

■ None of this is to say that a criminal defendant must cite "book and verse on the federal constitution" to the state court. *Picard v. Connor*, 404 U.S. 270, 278, 92

---

**5.** The day is certainly past when one could simply assume that a criminal defendant who invokes constitutional protections must be referring to the federal constitution. State courts routinely interpret state constitutional provisions to provide more protection to individuals than the federal constitution provides.

**6.** Whether they would find the claim sufficiently meritorious to warrant inclusion in a brief on appeal is a different question.

S.Ct. 509, 513, 30 L.Ed.2d 438 (1971) (quoting Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir.1958)). He must, however, make clear to the state court that he is asking that court to adjudicate a federal constitutional claim of some sort, or at least make clear that he is asking for adjudication of a state law claim which is the substantial equivalent of a federal constitutional claim.

Since the petitioner failed to present his federal claims to the state court, and since at least one of his federal claims is not substantially equivalent to the claim advanced in state court, he has failed to exhaust his state remedies. Petitioner has not suggested any reason why the courts of New Jersey should not be permitted to pass on his federal claims before this federal court intervenes. It may be unlikely that the state court will grant relief on a federal claim where it did not grant relief on an apparently broader state claim, but it is not clear that the claims are so similar that presentation to the state courts would be futile.

Accordingly, the petition for a writ of habeas corpus is dismissed. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).