**Robert YBARRA, Petitioner,**

v.

**George SUMNER, et al., Respondents.**

**No. CV–N–87–125–ECR.**

United States District Court,
D. Nevada.

Feb. 4, 1988.

Thomas J. Susich, Carson City, Nev., for petitioner.

Brian McKay, Atty. Gen. by Brian Randall Hutchins, Carson City, Nev., for respondents.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

The petitioner and the respondents, in response to the Court's order, have supplied the Court with briefs regarding the potential exhaustion of count one of this petition. The Court had called for these additional briefs after it had reviewed the record in this case. After that initial review, it appeared to the Court that count one, regarding the impropriety of the M'Naughten rule, had never been placed before the state courts as a matter of procedural or substantive due process. Instead, the Court initially noted that the M'Naughten issue had been framed in the state system solely as a matter of state law, and that the possible constitutional implication had never been reached. On this basis, the Court invited the parties to brief the exhaustion issue.

After reviewing those pleadings, it appears to the Court that this issue is not exhausted. Certainly, the issue was never squarely addressed in the state courts. The Court has once again looked at the state court record, and cannot find a single reference to the alleged unconstitutionality of the M'Naughten rule. In addition, the petitioner appears not to have even cited any federal case authority which would establish this proposition. Federal cases have been cited, but these cases discuss the M'Naughten rule simply as a matter of choice of law, and petitioner probably cited for the proposition that Nevada should also turn away from the old rule.* From the face of the record, it seems that count one is unexhausted, as it attacks the M'Naughten rule on an entirely different basis than occurred in state court. It cannot be said, therefore, that the petitioner fairly presented this claim to the state courts. *See Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971) (claim must be fairly presented to the state courts before it is considered exhausted); *Pappageorge v. Sumner*, 688 F.2d 1294 (9th Cir.1982).

The petitioner nonetheless argues that his presentation of the M'Naughten issue to the state courts as a choice of law matter was a fair presentation of the issue, in that his state argument was the substantial

---

* Even if those cases argued that M'Naughten was violative of the petitioner's due process rights, it is extremely doubtful that those citations alone would be sufficient to exhaust this claim. *Cf. Anderson v. Harless*, 459 U.S. 4, 7 n. 3, 103 S.Ct. 276, 278 n. 3, 74 L.Ed.2d 3 (1982) (petitioner's citation to a state case predicated on state law probably not sufficient to present fairly potential federal claims to state courts merely because the defendant in the cited case advanced a federal claim.)

equivalent to a due process argument. The courts have had a difficult time in deciding what constitutes the substantial equivalent of an argument for habeas purposes. *See e.g., Picard v. Connor, supra,* at 277–78, 92 S.Ct. at 513–14 (the ultimate question for disposition must be the same despite legal or factual variations; the substance of the claim must first be presented to the state courts); *Dispensa v. Lynaugh,* 826 F.2d 375, 377 (5th Cir.1987) (whereas it is not necessary for petitioner to pronounce every syllable of his claim in state courts, he must present them the substantial equivalent of his federal claim); *Gibson v. Scheidemantel,* 805 F.2d 135, 139 (3d Cir. 1986); *Santana v. Fenton,* 685 F.2d 71, 74 (3d Cir.1982) (exhaustion not required where the substance of the state claim is virtually indistinguishable from the constitutional allegation raised in state court); *Patterson v. Beyer,* 665 F.Supp. 364, 368 (D.N.J.1987) (petitioner must make clear that he is asking state courts to adjudicate a federal constitutional claim, or at least make clear that he is presenting a state claim which is the substantial equivalent of a federal constitutional claim).

 From these cases, it seems that no general principles may be derived. It does appear, however, that a state law claim must be virtually interchangeable with the federal claim in order to qualify as its substantial equivalent. In *Paulett v. Howard,* 634 F.2d 117, 119 (3d Cir.1980), for example, the court found the petitioner to have failed to have exhausted a claim of prosecutorial misconduct. The petitioner apparently presented the claim to the state courts simply as a matter of reversible error, not as a constitutional violation. The court dismissed the claim as unexhausted, as the substance of the constitutional claim had never been presented to the state courts. *Id; cf. Picard v. Connor, supra,* at 276–78, 92 S.Ct. at 512–14 (equal protection claim held not exhausted in state courts despite attack of indictment procedure involving same facts).

 With these cases in mind, the Court has little difficulty in finding this claim unexhausted. As stated above, there is no reference in the rather voluminous state appeal briefs to any possible due process implications of the use of the M'Naughten rule. The petitioner argued strenuously for the application of a more modern test for insanity, but this argument in and of itself does not implicate federal due process requirements. It therefore appears that petitioner's due process contentions are raised for the first time in this Court and are, therefore, unexhausted.

The petitioner further argues that exhaustion should not be required of this count, inasmuch as he contends that recent Nevada Supreme Court cases indicate that such exhaustion would be futile. Relying on *Rogers v. State,* 101 Nev. 457, 705 P.2d 664 (1985), *Poole v. State,* 97 Nev. 175, 625 P.2d 1163 (1981), *Clark v. State,* 95 Nev. 24, 588 P.2d 1027 (1979), *Williams v. State,* 85 Nev. 169, 451 P.2d 848 (1969), *Bean v. State,* 81 Nev. 25, 398 P.2d 251 (1965), *Mears v. State,* 83 Nev. 3, 422 P.2d 230 (1967), and *Jackson v. State,* 84 Nev. 203, 438 P.2d 795 (1968), the petitioner argues that the state courts have had ample opportunity to reconsider the M'Naughten rule and to throw it out. Because of this recent history, the petitioner urges that requiring him to return to state courts would be futile at this point.

In all of the cases cited by petitioner, however, the state supreme court considered the M'Naughten rule only as a choice of law matter. In none of these cases did that court reject the M'Naughten rule on due process grounds. Because of this dissimilarity, petitioner's cases are unavailing, and the Court cannot state that exhaustion is necessarily futile.

Petitioner further argues that there are no available and adequate state post-conviction remedies by which he could exhaust this claim. There is no doubt that the post-conviction procedure established in NRS § 177.315(3) is no longer available; such petitions must be filed within one year of decision on direct appeal. Similarly, it also appears that the state habeas corpus remedy may be unavailable, as NRS § 34.810 authorizes the dismissal of such a habeas if the issues therein could have

been raised on direct appeal. It would thus seem that no effective state remedies are available to the petitioner.

■ The state does allow an exception to the rule established in NRS § 34.810, however. Late habeas petitions have been allowed by the state courts where the petitioner has demonstrated cause for his failure to bring the issues in the direct appeal and actual prejudice resulting therefrom. NRS § 34.810(1)(b)(3). Notwithstanding the petitioner's arguments that the state has never found cause and prejudice to excuse such a default, the state habeas corpus remedy is still reasonably available to the petitioner, and he must be required to exhaust it before this Court may entertain this due process issue.

■ In their response to the petitioner's brief, the state has opened a door through which the Court might be required to pass. Citing the recent cases of *Granberry v. Greer,* — U.S. —, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987) and *Plunkett v. Johnson,* 828 F.2d 954 (2d Cir.1987), the state has waffled a bit with respect to its position on exhaustion. Originally, of course, the state conceded the exhaustion of all claims in its answer to the petition. It was the Court's review of the petition that disclosed the exhaustion problem. The difficulty arising from the state's prior concession of exhaustion arises from the *Granberry* case.

In that matter, the state had conceded exhaustion in the district court. That court had then proceeded to deny the petition on the merits. On appeal, however, the state argued that various claims were not exhausted, and asked that the petition be dismissed. In spite of the state's waiver of exhaustion, the circuit court agreed, and remanded the cases to the district court with orders that it be dismissed for failure to exhaust.

The Supreme Court reversed the circuit court's order. "The appellate court," noted the Justices, "is not required to dismiss for nonexhaustion notwithstanding the State's failure to raise it, and the court is not obligated to regard the State's omission as an absolute waiver of the claim." *Id.,* 107

S.Ct. at 1674. Instead, the Court concluded that the appellate courts should decide whether the interests of comity and federalism would be better served by addressing the merits of the unexhausted claim, or by requiring exhaustion of state remedies and the refiling of a § 2254 petition. *Id.,* at 1675.

For example, the Justices noted that if the case presents an issue in which an unresolved question of fact or state law might have import, it would be appropriate to insist on complete exhaustion. *Id.,* at 1675. On the other hand, the Court noted that if the petitioner does not even raise a colorable constitutional claim, or if the matter has been heard in the district court and it is clear that a miscarriage of justice has occurred, then it may be appropriate for the court to hold the state to its waiver of the nonexhaustion defense. *Id.,* at 1675–76. In this case, the Court noted that the appellate court had simply remanded the case without taking any of these factors into consideration. For this failure the case was reversed.

The *Granberry* rule has been extended to district courts by only one circuit thus far. In *Plunkett v. Johnson,* 828 F.2d 954 (2d Cir.1987), the Second Circuit held that the district courts must also follow the *Granberry* test when faced with an unexhausted claim and a state waiver of the nonexhaustion defense. This result, however, is fairly questionable. *Granberry* laid down a general principle for the circuit courts to follow; the case says nothing explicitly to the district courts. Indeed, even *Granberry's* implicit message regarding the analysis of comity falls upon a quite different audience in the district courts. For when the district court discovers an exhaustion problem in a petition in the early states of litigation, there is very little waste in sending the matter back to state courts for exhaustion. In contrast, the asserting of an exhaustion issue for the first time on appeal can result in the loss of an entire lawsuit. Therefore, that application of *Granberry* to the district court level entails other factors which *Plunkett* did not consider.

Even if the Ninth Circuit were to follow *Plunkett* in applying this rule to the district courts, there is still good reason to require exhaustion of this court. As noted above, this is a substantial question of constitutional law which the state courts have never had opportunity to consider. Although the due process claim is certainly colorable, it is not evident that a miscarriage of justice has occurred by the application of the M'Naughten rule. Even under *Granberry*, therefore, exhaustion is required on count one.

The petitioner will therefore be allotted a period of time within which to remove count one from this petition. The Court strongly cautions petitioner, however, that if he simply deletes this claim and proceeds with the remaining counts, he faces the great likelihood of an abuse of the writ problem when he returns to this Court seeking to refile count one once he has exhausted state remedies. By dismissing the entire petition without prejudice, the petitioner may exhaust count one, and then refile the entire petition at a later time without fear of abuse of the writ challenges.

IT IS, THEREFORE, HEREBY ORDERED that the petitioner shall have twenty days from the date of this order within which to file an amended complaint deleting count one, or to dismiss the entire petition without prejudice.