See also 101 Nev. 457, 705 P.2d 664.

**Mark ROGERS, Petitioner,**

v.

**Harol WHITLEY and the Attorney General of the State of Nevada, Respondents.**

**No. CV–N–87–505–ECR.**

United States District Court, D. Nevada.

Nov. 21, 1988.

N. Patrick Flanagan, Asst. Federal Public Defender, Reno, Nev., for petitioner.

David Sarnowski, Deputy Atty. Gen., Carson City, Nev., for respondents.

ORDER

EDWARD C. REED, Jr., Chief Judge.

The issue before this Court is whether the seventh ground of Rogers' petition for writ of federal habeas corpus has been exhausted as required by 28 U.S.C. § 2254(b). This ground asserts that Rogers' conviction for first-degree murder and subsequent death sentence were constitutionally infirm because "Nevada's

**758**

M'Naghten Rule is an inappropriate and improper test for determining criminal responsibility." Rogers' Petition for Writ of Habeas Corpus at 15 (filed Oct. 26, 1987). Upon further briefing of the exhaustion issue, Rogers' appointed counsel has stated that this ground constitutes a constitutional due process challenge to Nevada's use of the M'Naghten Rule for determining insanity in criminal trials.

■■■ A federal court cannot review the merits of a habeas corpus petition unless all the claims contained in that petition have been exhausted. *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982); *Lindquist v. Gardner,* 770 F.2d 876, 877 (9th Cir.1985). For a particular claim to have been exhausted, it must have been "fairly presented" to the highest court of the state. *Picard v. Conner,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Schwartzmiller v. Gardner,* 752 F.2d 1341, 1344 (9th Cir. 1984). The test for a fair presentation is whether the petitioner described to the highest state court the *"operative facts and the legal theory"* underlying his claim. *Tamapua v. Shimoda,* 796 F.2d 261, 262 (9th Cir.1986) (emphasis added) (citing *Picard,* 404 U.S. at 277–78, 92 S.Ct. at 513). The petitioner must have presented the "substantial equivalent" of his federal claim to the highest state court. *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir.1982) (quoting *Schiers v. People,* 333 F.2d 173, 174 (9th Cir.1964)).

Our review of the record reveals that Rogers' current constitutional due process challenge of Nevada's M'Naghten Rule is quite different from the claim regarding this rule that he submitted to the Nevada Supreme Court. On the direct appeal of his conviction, Rogers argued to the Nevada Supreme Court that it should "abandon the outmoded M'Nagten [sic] Rule and adopt the Model Penal Code test for insanity." Rogers' Opening Brief at 35, filed in *Rogers v. Nevada,* Case No. 14020 (filed on Oct. 29, 1982). This argument was made solely on the ground that most federal courts have adopted the Model Penal Code approach as a better means of analyzing criminal sanity. The issue was presented

to the Nevada Supreme Court purely on a choice-of-law basis. *Id.* at 19–35. Rogers' brief never argued, nor even suggested, that application of the M'Naghten Rule might violate the due process clause of the fourteenth amendment.

This Court was confronted with an almost identical factual situation and legal issue in *Ybarra v. Sumner,* 678 F.Supp. 1480 (D.Nev.1988). We held in that case that challenging Nevada's M'Naghten Rule on choice-of-law grounds did not serve to exhaust a due process challenge to this rule. *Id.* at 1482. The basis of our ruling was that a due process challenge triggers a substantially different legal analysis from a choice-of-law argument. We also ruled that a due process challenge to the M'Naghten Rule presents a "substantial question of constitutional law." *Id.* at 1484. Consequently, the principles of comity and federalism preclude federal review of this issue prior to its exhaustion in the Nevada state court system.

■■■ We find no reason to differentiate our decision in the case at bar from the outcome articulated in *Ybarra.* Thus, we hold that Rogers has failed to exhaust his claim that Nevada's use of the M'Naghten Rule violated his constitutional right to due process of law.

In light of our determination that Rogers' petition contains an unexhausted claim, we must also set forth guidelines for future proceedings in this case. The Ninth Circuit recently outlined certain procedures in this area in *Neuschafer v. Whitley,* 860 F.2d 1470 (9th Cir.1988). The Circuit suggested that in death penalty cases such as the one at bar, federal district courts should order the petitioner's counsel to:

> review the trial record and inform the court whether there are any other exhausted or *unexhausted* claims. The court should then give petitioner the choice of abandoning the unexhausted claims or exhausting them in state court before proceeding with a hearing on all exhausted claims.

*Id.* at 1482 (Alarcon, J., concurring) (emphasis in original).

This Court previously had ordered Rogers' appointed counsel to explore "as fully

as possible the potential grounds for habeas corpus relief in the petitioner's case." Order of March 1, 1988, at 2. Through that order, we informed Rogers that he must include "all possible grounds" in his initial petition for federal habeas corpus or risk forfeiting the omitted grounds. *Id.* at 1–2. Rogers and his counsel have had ample opportunity to review the record of his trial and his penalty phase determination. They have not brought to the attention of this Court any other possible claims for habeas relief other than those already asserted in Rogers' instant petition.

In accordance with the guidelines suggested in *Neuschafer*, therefore, this Court now directs Rogers to choose between two options. First, he may request that this Court stay its review of the merits of his instant petition while he exhausts his due process challenge to the M'Naghten Rule in Nevada's state courts. Should Rogers choose this option, he may also exhaust any additional claims of error that are not included in his instant petition. Upon properly exhausting these claims, Rogers may then request federal habeas review of his instant petition and any additional claims that he subsequently had exhausted. This Court strongly recommends this option since it enables Rogers to present all of his constitutional claims in a single federal court proceeding. Nevertheless, under this option, we would lift our stay of execution while Rogers was proceeding in state court on his unexhausted claim(s). Of course, since Rogers instant petition would be held in abeyance by this Court while he was exhausting his additional claim(s), we would have jurisdiction to grant another stay if the Nevada state courts refused to do so.

Rogers' second option is to amend his instant petition to include only exhausted claims by deleting his due process challenge to the M'Naghten Rule. Under this option, we would proceed to review the fifteen exhausted claims in Rogers' instant petition without any intervening state court proceedings. Should he choose this option, however, this Court would require Rogers to abandon, on the record, his due process challenge to the M'Naghten Rule *and all*

*other* potential grounds for habeas corpus relief that are now unexhausted. This formal abandonment should preclude Rogers from ever asserting these unexhausted claims in a federal forum. *See Rose v. Lundy,* 455 U.S. at 521, 102 S.Ct. at 1205 ("a prisoner who decides to proceed only with his exhausted claims and *deliberately sets aside* his unexhausted claims risks dismissal of subsequent federal petitions.") (emphasis added); *Neuschafer,* at 1482 ("If this procedure is followed, the filing of a second petition alleging a new federal constitutional claim will be inexcusable, and an abuse of the writ, unless petitioner is able to allege a change in the law, a newly discovered fact, or ineffective assistance of counsel in connection with the first petition.") (Alarcon, J., concurring); Rule 9(b) of the Rules Governing 28 U.S.C. § 2254 cases. *But see Neuschafer,* at 1477 ("After [petitioner] pursues all his federal remedies on the exhausted claims, he may decide to return to state court to exhaust his still unexhausted claims. He may then be able to file [another] federal habeas petition. This cycle may continue.")

IT IS, THEREFORE, HEREBY ORDERED that petitioner Rogers shall have twenty (20) days from the date of this order to seek: (1) a stay of his instant petition pending state court proceedings on his unexhausted claim(s); or (2) an amendment of his petition to delete his unexhausted due process challenge to Nevada's M'Naghten Rule.

IT IS FURTHER ORDERED that Rogers can only file an amended petition deleting his due process challenge to the M'Naghten Rule if he formally abandons this claim and any other unexhausted claims through the sworn affidavits of both himself and his counsel.

IT IS FURTHER ORDERED that if Rogers fails to respond to this Order within twenty (20) days from the date on which it is entered, the Court shall dismiss his petition for failure to exhaust and lift the stay of execution.